## DODGE v. UNITED STATES.

### (Circuit Court of Appeals, Second Circuit. June 2, 1904.)

#### No. 181

**1. TRIAL—JUDGMENT ON THE PLEADINGS.**

Under the mandate of a Circuit Court of Appeals directing a new trial the entry of judgment upon the pleadings without taking testimony may properly be directed by the trial court. If the pleadings present such a state of conceded facts as to entitle either party to a judgment, the action of the trial court in making proper disposition of the case, after hearing the argument, is itself a trial.

**2. SAME—NOTICE OF MOTION—JUDGMENT ON THE PLEADINGS.**

In moving for a judgment on the pleadings in a cause on trial in a federal court it is not required by section 537, Code Civ. Proc. N. Y., that a notice of motion should be given. When the cause is regularly reached for trial, the parties are sufficiently advised that the pleadings and the proofs are before the court for consideration. The notice contemplated in said section is required only when some special application is to be made for judgment on the pleadings in advance of the trial.

**3. CUSTOMS DUTIES—PASSENGERS' BAGGAGE—EXEMPTED ARTICLES—DUTY OF MAKING ENTRY—FORFEITURE.**

In construing the provision in paragraph 697, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], that $100 in value of articles purchased abroad by returning residents of the United States may be admitted free of duty, *held* that it is the passengers' duty to enter and declare the value of such articles, whether they cost more than $100 or not, and that when not so declared they are subject to forfeiture under section 2802, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1873].

**4. SAME—FORFEITURE—FRAUDULENT INTENT—SMUGGLING.**

In construing section 2802, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1873], providing for the forfeiture of "any article subject to duty * * * found in the baggage of persons arriving in the United States, which was not at the time of making the entry for such baggage mentioned to the collector before whom the entry was made," *held*, that fraudulent intent is not an ingredient of the cause of forfeiture; also, that dutiable articles found in the handbag of a passenger after said passenger had entered other dutiable articles were subject to the enforcement of the penalties prescribed by said section.

In Error to the District Court of the United States for the Southern District of New York.

Note U. S. v. Harts (D. C.) 131 Fed. 886, herewith.

This cause comes here upon a writ of error to review a judgment of the District Court, Southern District of New York, condemning one pearl necklace, with charm studded with one ruby and diamonds, one pearl and diamond band

necklace, and other articles of jewelry, the property of the claimant, a resident of the United States returning from abroad, which had been purchased abroad. The two pearl necklaces were presents, which had been given to her during a visit in Paris shortly before she left to return home. The facts sufficiently appear in the opinion.

W. Wickham Smith, for plaintiff in error.

Ernest E. Baldwin, for the United States.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. This case has once before been considered by this court (111 Fed. 164, 49 C. C. A. 287, 56 L. R. A. 130), and to the opinion then rendered but little need be added. The information set forth three causes of action, of which the first was abandoned at the first trial; the second and third were based, respectively, on sections 3082 and 2802, Rev. St. U. S. [U. S. Comp. St. 1901, pp. 2014, 1873]. Upon the first trial the case was submitted to the jury under instructions which were, in substance, that if the jewelry was brought in by the claimant without any purpose of escaping the payment of duties, and not as merchandise in the guise of baggage, she was entitled to a verdict. We held that such instruction was erroneous, and that, "if the claimant omitted to mention the jewelry to the customs officer who received her entry made before the examination of her baggage, the articles became liable to forfeiture if they were in fact dutiable." This conclusion was based upon the language of section 2802, which reads:

"Sec. 2802. Whenever any article subject to duty is found in the baggage of any person arriving within the United States, which was not, at the time of making entry for such baggage, mentioned to the collector before whom such entry was made by the person making entry, such article shall be forfeited, and the person in whose baggage it is found shall be liable to a penalty of treble the value of such article."

Commenting upon this section, we said:

"The forfeiture provision does not mean necessarily that the article is subject to forfeiture whenever it appears that it was not mentioned in the entry or the declaration. The statute does not so declare, and as a penal statute it is not to be enlarged by implication to embrace cases not within its terms. The entry and declaration by the passenger are usually made upon the vessel, and often hurriedly, and omissions may occur in the documents from inadvertence or ignorance as well as from intention. The documents are executed in the presence of the customs officer, who administers the oath to the declaration, and who is the representative of the collector in receiving the entry; and, if these omissions are brought to his notice by the passenger, it would seem to be sufficient to satisfy the statute. If at any time while the entry is being made, and before it is completed, there is a disclosure by the passenger which is sufficient to put the customs officer upon inquiry as to the dutiable character of any of the contents of the packages, we think that within the meaning of the statute it is to be deemed that the articles were 'mentioned to the collector before whom such entry was made,' notwithstanding they were not mentioned in the documents. Of course, if the articles are mentioned in the entry or declaration, they are mentioned to the collector. Section 2802 does not make the element of fraudulent intent an ingredient of the cause of forfeiture."

It was further held that the jewelry, including (as the majority held) those articles which had been purchased by others and presented to her, was dutiable. The record showed that the claimant

made a declaration and entry for her baggage before it was examined; that such entry set forth the foreign cost of two articles which she had purchased abroad, and did not mention the cost price of any of the jewelry, nor did it contain anything to indicate that there was any jewelry in the baggage; that she did not, while the entry was being made nor before it was completed, make any disclosure to the customs officer sufficient to put him upon inquiry as to the dutiable character of any of the contents of the packages of baggage; and that subsequently, upon examination of her hand bag, the jewelry was found. Thereupon the judgment was reversed, and new trial ordered. The cause being remitted to the District Court was duly moved for trial at a stated term thereof April 14, 1903. The government thereupon moved for judgment upon the pleadings. Claimant was allowed to make certain amendments to her answer, and on June 13, 1903, judgment in favor of the United States was so entered, which judgment is now brought up for review.

The claimant contends:

1. That, since the mandate reversing the first judgment directed a new trial, entry of judgment upon the pleadings could not properly be directed. This proposition is wholly without merit. The taking of testimony is not essential to the "trial" of an action. If the pleadings present such a state of conceded facts as to entitle either party to relief, whether by dismissal or by judgment in favor of plaintiff, the action of the trial court making proper disposition of the cause after hearing argument is itself a trial.

2. That no notice of the motion was given, reference being had to section 537 of the New York Code of Civil Procedure. Such notice, however, is required only when some special application is to be made for judgment on the pleadings in advance of the trial. When the cause is regularly reached for trial, defendant is sufficiently advised that his pleadings, as well as the proofs he has provided, are before the court for consideration. He cannot properly complain of surprise if defects in his pleading are then brought to the court's attention. Moreover, in the cause at bar claimant was allowed to amend her answer, and it was not until after that privilege was availed of and argument heard that the judgment sought to be reviewed was entered.

3. That the case was not one in which judgment on the pleadings could properly be ordered. The information contained three counts, the third of which charged that the several articles of jewelry enumerated "were on June 24, 1899, found in the baggage of [the claimant] when she arrived in New York upon the steamship St. Paul, * * * which said goods, wares, and merchandise, as aforesaid, were not, at the time of making entry of such baggage, mentioned or declared to the said collector before whom such entry was made by the said [claimant] making the same; contrary to section 2802 of the Revised Statutes of the United States." As to the allegations contained in this third count, the amended answer denies that the articles were "found in her baggage," but admits that they were partly worn by her and partly "carried in an open hand bag, [which] upon inquiry as to whether she possessed any jewelry

was opened and shown to the customs official at the time that this claimant left said steamer." It avers that "the written declaration, and the only written declaration made and subscribed by her, was presented to her while the vessel was on its way through the harbor," and concedes that it was made before she left the steamer. Therefore the jewelry was found after the declaration was made. The contention that the hand bag in which it was found was not a part of her baggage is frivolous. It further avers that she declared certain linens which she had bought in Europe, but "did not declare any part of her jewelry, as she in good faith believed that such jewelry was not subject to any duty." Under our former ruling these are all the facts necessary to sustain judgment of forfeiture, the element of fraudulent intent not being an ingredient of the cause of forfeiture under section 2802.

4. It is contended that three of the rings and one scarf-ring were purchased abroad at a cost of $80; that they were within the proviso as to $100 in paragraph 697 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689]); were not subject to duty, and could not, therefore, be forfeited under section 2802. We do not construe paragraph 697 as specifically exempting any particular articles from duty. The language is: "Provided * * * no more than one hundred dollars in value of articles purchased abroad by such residents of the United States shall be admitted free of duty upon their return." Articles purchased abroad, which are within the dutiable schedules, are still dutiable although brought back by a returning resident; but, when entered and declared, $100 in value of such articles—whether that sum be made up by an aggregation of several articles, or of parts of articles, or out of a single article—shall be allowed to such resident in making calculation as to what duty he shall pay. Section 2799, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1872], indicates quite clearly that it is the passenger's duty to enter all such purchases, although some of them may fall below $100 in cost.

5. That the judgment in this case is inconsistent with the decision of this court in One Pearl Chain (I. J. Dulles, Claimant) v. The U. S., 123 Fed. 371. There is a very essential difference between the two cases. Neither claimant made a proper entry of her jewelry; neither of them at the time of making entry mentioned orally to the customs officer that she had any jewelry with her, but one of them gave the officer a written declaration, which, in substance, advised him that she "had in her baggage and on her person wearing apparel [including jewelry] which she had purchased abroad." The other made no such declaration, oral or written.

The judgment is affirmed.