## UNITED STATES v. ONE PEARL CHAIN.

### (District Court, S. D. New York. June 2, 1904.)

1. CUSTOMS DUTIES—PASSENGERS' BAGGAGE—FORFEITURE—BURDEN OF PROOF —PROBABLE CAUSE.

On a suit by the United States, under section 3082, Rev. St. [U. S. Comp. St. 1901, p. 2014], to forfeit articles found in the baggage of a person arriving in the United States, and seized as fraudulently imported, the burden of proof is not upon the claimant of the articles, unless the court finds that there is probable cause for seizing them. If at the close of the government's case there is not enough evidence to go to the jury, there is not such probable cause as to put the burden of proof upon the claimant.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 324.]

2. SAME—ARTICLES OF GREAT VALUE.

The rules and regulations relating to the importation of baggage, or articles upon the person, of people arriving in the United States, though applying usually to articles of no great value, apply as well where the articles so imported are of very great value.

3. SAME—FORFEITURE—INTENT TO SMUGGLE.

It is immaterial that a person bringing goods to the United States intends to smuggle them. If the time has not passed when it is his duty to make the necessary declaration, and there remains an opportunity for him to change his mind, the goods are not subject to forfeiture under section 3082, Rev. St. [U. S. Comp. St. 1901, p. 2014].

Action of Forfeiture for Illegal Importation.

This was an action brought by the United States for the forfeiture of a pearl chain of a value of about $26,000, which was found in the possession of the claimant in this proceeding, Ida Josephine Dulles, on her arrival in this country as a passenger on a vessel, and was seized by a special employé of the Treasury Department as imported in violation of sections 2799–2802, 3082, Rev. St. [U. S. Comp. St. 1901, pp. 1872, 1873, 2014], and therefore subject to forfeiture. At the close of the government's case, counsel for the claimant rested, and made a motion to direct a verdict in favor of the claimant. Affirmed, 139 Fed. 513.

Arthur M. King and Ernest E. Baldwin, Asst. U. S. Attys.

De Lancey Nicoll, John D. Lindsay, and Archibald R. Watson, for claimant.

HOLT, District Judge (orally). The consideration that has been suggested by Mr. Baldwin that the burden of proof is upon the claimant in this case is subject to the condition that the court finds that there is probable cause for the seizure. I think the question

whether there is such probable cause as to make the collector absolutely responsible in some way would be rather a different question from the question of whether there is probable cause here on the question of the burden of proof; and in my opinion, in any case, whatever the circumstances are, if at the close of the government's case there is not, in the opinion of the court, evidence enough to go to the jury, then there was not such probable cause as to put the burden of proof upon the claimant in the suit.

Now, as I read the decision of the Circuit Court of Appeals in this case (123 Fed. 371, 59 C. C. A. 499), it establishes the general proposition, in the first place, that there is a very great difference between the importation of ordinary merchandise and the importation of baggage, or personal articles brought upon the person. It recognizes that the law has provided a simple method of declaring in these cases, which certainly, it seems to me, ought to be provided. Passengers coming in usually bring articles of no very great value. The article in this case is one of great value, but, of course, it is governed by the rules and regulations applicable to the importation of baggage, or articles upon the person. The case holds that under these rules and regulations there must be a declaration, made by the passenger, of articles which are being brought in, and, as I understand, it must be made at the time the officer takes the statement on the ship, although, as I understand it, if there was some error in writing it down, that would not necessarily affect it. But there must be a declaration, though it may be of a very general character and not descending into particulars; yet, if it fairly covers the property being brought in, the particulars are to be ascertained by the customs officials there at the dock for the purpose of assessing the duty. Now, the court in this case held that Mrs. Dulles, having stated that she had wearing apparel the value of which was not known, had made a sufficient declaration of the fact that she was bringing in jewelry. She appears to have brought in other property, the value of which she computed under this declaration after they arrived at the dock. It is not claimed that that property was forfeited because she had only described it as "wearing apparel." It is claimed that this is forfeited, but it is covered by the same general description. Counsel criticises the term "wearing apparel," and the court says, in this opinion that it is not an expression which would be usually used to designate jewelry; but at the same time the court says that jewelry is included in the list, because described as wearing apparel; and it seems to me, when you consider it, it is nothing but wearing apparel. It is apparel, and it is worn, and the real function of it is to be worn as apparel. It seems to me that a necklace of this kind is wearing apparel, and nothing else. The Court of Appeals says she made the declaration, and therefore it certainly cannot be held, and the Court of Appeals said it could not be held, at any time before she left the ship, that this property could be seized as having violated the revenue laws.

This is a suit to forfeit property. This is not a suit to collect **duty.** The question is whether the title passed by reason of a

violation of the revenue laws. Now, what is the proof that there was any violation of the revenue laws? If the declaration she made was sufficient to enable this lady on the dock to have described it with particularity and paid the duty, then the government must show that the time for her to do so passed without her doing so. In my opinion, there is no evidence to that effect. She had the same opportunity to make the declaration in regard to the necklace that she had with regard to the other articles with regard to which the declaration was made. As I understand the evidence, Mr. Theobald assumed, because she did not describe the necklace with particularity on the declaration, that an offense had been committed, and that the goods were subject to seizure, and went ahead and seized them, and that took place before the time passed during which she had an opportunity to declare them to the inspector.

As I look at the law in this case, the question of intent is immaterial. The court held in U. S. v. One Pearl Necklace, 111 Fed. 165, 49 C. C. A. 287, 56 L. R. A. 130, and the Dodge Case, 131 Fed. 849, 65 C. C. A. 603, that, if a person in entire good faith did not make the declaration, the goods might be forfeited. On the other hand, if the persons who brought the goods here intended to smuggle them, they had an opportunity to change their minds down to the time when it was their duty to make the necessary declaration; and, in my opinion (and I think that is the true construction of the opinion of the Circuit Court of Appeals in this case), the government cannot seize these goods as forfeited until the time has come when the person importing them has had an opportunity to declare them and has not done so. In my opinion, there is no evidence in this case that that time had come, and therefore I think there should be a verdict directed in this case for the claimant, and I will so direct.