## TWO HUNDRED AND EIGHTEEN AND ONE-HALF CARATS LOOSE EMERALDS v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. June 5, 1907.)

### No. 295.

CUSTOMS DUTIES—FORFEITURE—"BAGGAGE"—ARTICLES IN CLOTHING.
  *Held*, that articles in the clothing are "baggage," within the meaning of section 2802, Rev. St. [U. S. Comp. St. 1901, p. 1873], relating to the concealment of dutiable articles "found in the baggage of any person arriving within the United States," and that a package of precious stones found in the pocket of a passenger is forfeitable under said provision.

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here upon writ of error by the claimant of certain loose, unpierced, cut emeralds to review a judgment of forfeiture for violation of the revenue laws. The judgment was entered October 3, 1906, in the District Court, Southern District of New York. Upon completion of the testimony, a verdict was directed in favor of the government; both sides having moved for a direction. Subsequently, upon motion for a new trial, the district judge

filed an opinion, which is reported in 153 Fed. 643. It contains the following statement of acts, which the testimony shows to be accurate:

"The claimant, Suarez, a resident of Bogota, in the Republic of Colombia, South America, arrived in New York on October 3, 1906, on the steamship Oceanic, from England. His native language was Spanish. He could not speak English, but had some knowledge of the French language, although how much does not clearly appear. On the arrival of the ship, the customs officer, who took the declarations of the passengers, asked him, in French, if he understood French, and he said that he did. He asked him how many pieces of baggage he had, and he answered, 'Three.' The examiner testified that he did not seem to clearly understand his questions as to what particular kind of baggage he had. The examiner thereupon drew his pen through the printed form on the declaration for the insertion of the number of trunks, bags or valises, boxes, and other packages, and wrote under the head of 'Total,' at the end, the figure '3.' The officer asked him, in French, whether he had anything to declare, whether he had any gifts for other persons, and whether he had anything to sell, to all of which he answered, 'No.' Thereupon Suarez signed his name at the end of the declaration, and swore to it before the officer. Suarez then left the ship and went on the dock. He had as baggage a trunk, a box, and two handbags tied together. He stated to the customs officer on the dock that he was going to Colombia, that he wished to leave with the collector the trunk and the box, and that he wished to take with him while in this country the two bags. They were thereupon opened, the contents examined, and found to contain nothing dutiable, and were labeled by the customs inspector as being passed. The customs inspector then called another inspector, who spoke Spanish, and directed him to ask Suarez whether he had any precious stones or jewelry upon his person or in his pockets. The inspector did so in Spanish, putting various specific and particular inquiries, and to all of them Suarez answered in the negative. He was then taken on board the steamer and searched, and in the pocket of his overcoat was found a package which contained cut emeralds loose and unpierced weighing 218½ carats, which were thereupon seized by the government, and which are the subject of this suit for confiscation."

Louis J. Phillips, for plaintiff in error.

Henry L. Stimson, U. S. Atty., Winfred T. Denison and Felix T. Frankfurter, Asst. U. S. Attys.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts). The information sets forth four alleged causes of forfeiture. It will be necessary only to consider the second one, which charges a violation of the provisions of section 2802, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1873]. That section reads as follows:

"Sec. 2802. (Penalty for concealing dutiable articles in baggage). Whenever any article subject to duty is found in the baggage of any person arriving within the United States, which was not, at the time of making entry for such baggage, mentioned to the collector before whom such entry was made, by the person making entry, such article shall be forfeited, and the person in whose baggage it is found shall be liable to a penalty of treble the value of such article."

The contention of the claimant is that articles of merchandise found on the person of a passenger cannot be forfeited under this section, which deals with baggage only. The district judge, after some reference to the common-law meaning of the word baggage, held:

"That such merchandise may be treated as baggage within the sense of the customs laws. A package carried in the pocket does not differ essentially from a package carried in the hand, and, in my opinion, if it contains duti-

able merchandise, the passenger is bound to declare it in all respects the same as he is bound to declare merchandise contained in his trunk."

Certainly, neither the size of a package nor the material of which the covering is made, whether wood, leather, or paper, is material. There is no sound distinction between articles carried in a dress suit case and articles carried in the small wrist bag which in feminine attire has taken the place of the undiscoverable pocket of a few decades ago. Nor is there any distinction between articles in the pocket of an overcoat worn on the owner's back and articles in the same pocket when the overcoat is rolled up with steamer rugs, a cardigan jacket, and an umbrella, and carried in a shawl strap. Such fine distinctions seem wholly without merit, especially in view of the circumstance that the section does not provide for articles found "in packages of baggage," but "in the baggage of any person arriving," etc. It is unnecessary to discuss the question further in view of former deliverances of this court. In U. S. v. One Pearl Necklace (Dodge) 111 Fed. 165, 49 C. C. A. 287, 56 L. R. A. 130, we held that section 2802 was applicable to jewelry wrapped up in a handkerchief and carried in a lady's small handbag, and in so doing discussed at great length the various sections relating to the introduction into this country of articles brought from abroad. Referring to this decision in the subsequent case of One Pearl Chain v. U. S. (Dullas) 123 Fed. 374, 59 C. C. A. 499, we said:

"Upon the trial and argument of the case at bar it seems to have been assumed that this court held that a passenger's wearing apparel, articles of adornment, and personal effects ceased to be baggage the moment they were taken out of the trunk and placed on the person of the passenger, and were to be treated, for purposes of entry, etc., as imported merchandise. It is true that the opinion, in contradistinction to 'merchandise,' spoke of dutiable articles brought by passengers 'in their packages of baggage'; but Mrs. Dodge brought her necklace in one of her packages of baggage, in a hand satchel, which, however, she failed to declare. There being no question of wearing the article, and nearly all dutiable articles coming in packages of some sort, the above-quoted phrase was used. To hold that an incoming passenger, who, arriving on a cold day, opens one of his packages of baggage and takes out a silk muffler to wrap around his neck, would be subject to have the same forfeited, although he may declare it to the customs officers, because he walked ashore with it without presenting invoice, bill of lading, and consular certificate, and obtaining a special permit, seems to us a most unreasonable proposition. The Dodge Case held only that the 'merchandise' sections did not apply to passenger's baggage. It did not undertake to define 'baggage.' No such question arose in the case.' Nobody disputed that the necklace in that case was passenger's baggage, to be declared and entered as such."

And on the last appeal in the Dullas Case, 139 Fed. 516, 71 C. C. A. 500, reference was again made to the same subject, as follows:

"On the former appeal we held that a passenger's wearing apparel, articles of adornment, and personal effects did not cease to be baggage the moment they were taken out of a trunk and placed on the person. Whether they are hid from view by being stowed in the middle of a trunk, or by being placed under some part of the passenger's clothing, is immaterial."

Claimant relies upon two decisions only. U. S. v. Pearl Chain (D. C.) 139 Fed. 517, 71 C. C. A. 500, is a minority opinion. In U. S. v. Tapestry (D. C.) 114 Fed. 496, the facts are not fully reported; but the articles had apparently been smuggled through the custom

house, and were not found until after the claimant had ceased to be "a person arriving," and what he brought with him had ceased to be baggage.

The judgment is affirmed.

NOTE.—TOWNSEND, Circuit Judge, heard argument, participated in consultation, and voted to affirm, but did not see the opinion.