# UNITED STATES OF AMERICA,

*v.*

# THIRTY QUARTS OF ROEDERER CHAMPAGNE, ETC.

San Juan, Admiralty, No. 1130.

ON DEMURRER TO LIBEL.

Admiralty—Revenue Laws—Right of Trial by Jury.

    1. The collection of duties is not a cause within admiralty jurisdiction, and in the case of seizure of goods on land under the revenue laws the district courts proceed as courts of common law, and the claimant is entitled to a jury trial if he files an answer denying the facts set forth in the information.

Forfeiture of Goods—Nature of Proceeding.

    2. A proceeding to forfeit a person's goods is a criminal proceeding within the meaning of the Constitution.

Opinion filed April 25, 1916.

*Mr. Miles M. Martin,* United States Attorney, for the government.

*Mr. F. H. Dexter* for claimant.

HAMILTON, Judge, delivered the following opinion:

1. A libel was filed in this case seeking the condemnation for revenue purposes of certain wines and other things imported

United States v. Thirty Quarts of Roederer Champagne.

without payment of duty. Under the tariff law the suit is brought in the shape of an admiralty libel. A demurrer has been filed, however, raising the question of whether the defendant or claimant of the articles is or is not entitled to have the issue tried by a jury. In admiralty there would be no jury, but the question is whether the court should read into the statute the right of a jury trial. It seems that this has been the practice in a number of cases. Some may be cited: United States v. One Pearl Chain, 139 Fed. 510; United States v. One Pearl Necklace, 56 L.R.A. 130, 49 C. C. A. 287, 111 Fed. 164; 9 Fed. Stat. Anno. 340.

The collection of duties is not a cause of admiralty and maritime jurisdiction, and a suit *in rem* to enforce the payment of duties cannot be maintained. Benedict, Admiralty, 3d ed. § 303 (a); United States v. 350 Chests of Tea, 12 Wheat. 486, 6 L. ed. 702. In cases of seizure on land under the revenue laws, the district courts proceed as courts of common law according to the course of exchequer on information *in rem*. The Sarah, 8 Wheat. 391, 5 L. ed. 644. Where the seizure is made on land, the claimant is entitled to a trial by jury if he appears and files an answer denying the facts set forth in the information. Ibid.; Garnhart v. United States, 16 Wall. 162, 21 L. ed. 275.

The claim at bar not being in substance in admiralty, Amendment 7 of the Constitution applies, that "in suits at common law, where the value shall exceed $20, the right of trial by jury shall be preserved."

2. Is this to be regarded as a civil or a criminal case?

A proceeding *in rem* is, in effect, a proceeding against the owner of the property as well as against the goods, for it is his

breach of the laws that has to be proved, to establish the forfeiture, and it is his property which is sought to be forfeited. In the words of a great judge, "goods, as goods, cannot offend, forfeit, unlade, pay duties, or the like, but men whose goods they are." Boyd v. United States, 116 U. S. 616, 29 L. ed. 746, 6 Sup. Ct. Rep. 524. A proceeding to forfeit a person's goods, though civil in form, and whether *in rem* or *in personam*, is a criminal case within the meaning of the 5th Amendment of the Constitution "that no person shall be compelled in any criminal case to be a witness against himself." Ibid.

The application for a jury trial is therefore granted and the case is set for to-morrow morning, when a jury will be in attendance of sufficient size to permit challenges as in criminal cases.