HARTS v. UNITED STATES.

SIXTEEN BOLTS OF SILK, ETC., v. SAME.

(Circuit Court of Appeals, Ninth Circuit. October 16, 1905.)

Nos. 1,185, 1,186.

1. CUSTOMS DUTIES—PASSENGERS' BAGGAGE—ENTRY—FAILURE TO MENTION DUTIABLE ARTICLES—INTENT.

On arrival in the United States a passenger, in entering his baggage, omitted to mention to the customs officers certain dutiable articles contained therein. *Held*, that he thereby became liable to the penalties provided in section 2802, Rev. St. [U. S. Comp. St. 1901, p. 1873], irrespective of intent to defraud the United States.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 269.]

2. SAME—MENTION.

A passenger arriving in the United States, on filling out the printed form furnished by the customs officers for the declaration and entry of baggage, struck out the clause referring to the itemized description that is required of the various articles of baggage, and inserted instead a description of the pieces of baggage he had, as consisting of certain numbers of trunks, valises, etc., and said nothing as to what articles were contained therein. *Held*, that this was not sufficient to put the customs officers on inquiry as to the dutiable character of the contents of the packages, so as to constitute a sufficient "mention" of the articles, within the requirement of section 2802, Rev. St. [U. S. Comp. St. 1901, p. 1873], that dutiable articles in imported baggage shall be "mentioned" on making the customs entry.

3. SAME—IMPORTATIONS FROM PHILIPPINES—ILLEGAL ENTRY.

Section 2802, Rev. St. [U. S. Comp. St. 1901, p. 1873], providing penalties for the failure to make due entry of articles in passengers' baggage, is not inapplicable to articles brought from the Philippine Islands.

4. SAME—BAGGAGE—EXEMPTION OF $100 WORTH.

The exemption from duty of $100 worth of articles in the personal effects of residents of the United States returning from abroad, as provided in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 697, 30 Stat. 151, 202 [U. S. Comp. St. 1901, p. 1689], may not be claimed, except where there has been a compliance with the provisions of section 2802, Rev. St. [U. S. Comp. St. 1901, p. 1873], regarding the entry of baggage. If the baggage is confiscated through failure to observe the provisions of said section, the right of exemption is lost.

In Error to and Appeal from the District Court of the United States for the Northern District of California.

For opinions below, see 131 Fed. 886; 139 Fed. 1008.

John A. Wright (Wright & Lukens, of counsel), for plaintiff in error and appellant.

Robt. T. Devlin, U. S. Atty., and Benjamin L. McKinley, Asst. U. S. Atty. (Edward E. Cushman, Sp. Asst. Atty. Gen., of counsel), for the United States.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. These cases were consolidated and tried together. No. 1,185 is an action at law to recover a penalty of $1,971.12 by reason of an alleged violation by the plaintiff in error of section 2802, Rev. St. [U. S. Comp. St. 1901, p. 1873]. The court found the value of the merchandise to be $552, and entered judgment for three times the value thereof, viz., $1,656. No. 1,186 is a libel in admiralty to forfeit the dutiable articles which appellant did not, at the time of making entry, mention to the collector, as required by said section. Section 2802 reads as follows:

"Whenever any article subject to duty is found in the baggage of any person arriving within the United States, which was not, at the time of making entry for such baggage, mentioned to the collector before whom such entry was made, by the person making entry, such article shall be forfeited, and the person in whose baggage it is found shall be liable to a penalty of treble the value of such article."

It appears from the evidence contained in the record that the plaintiff in error is a captain in the Engineer Corps of the United States Army; that on July 10, 1903, with his wife and child, he arrived at the port of San Francisco as a passenger on the United States transport Thomas, with his baggage; that a part of this baggage was brought by him from Manila, and a part was purchased by him, or his wife, at Nagasaki, Japan, and there placed on board the Thomas for shipment to San Francisco; that before the arrival of the transport Capt. Harts was furnished by the customs officers with a printed form of a "baggage declaration and entry," and requested to fill out and sign the same. This form contained a clause as follows:

"That all the articles in said baggage or on my person, or that of the members of my family accompanying me, that have been purchased abroad, or in any other manner procured or obtained abroad, are fully set forth and de-

scribed in the annexed entry, together with the cost price for each item, or the actual market value if obtained by gift or otherwise than by purchase."

This entire clause was crossed out by the captain, and he did not make any detailed list of any article contained in his baggage, but stated that he had with him, belonging to himself and members of his family, "six trunks, three bags or valises, one box, and one other package, making a total of 11 pieces," and that no article contained in his baggage or upon his person, or that of those accompanying him, was intended, directly or indirectly, for sale or for the use of any person other than himself and the members of his family. After his baggage was landed upon the wharf, he requested that it be examined, but made no mention at that or any other time of the fact that any dutiable articles were contained therein. The court, from an examination of the evidence, held that the failure of the plaintiff in error to comply with the requirements of section 2802, was intentional, and that this was all the government was required to prove to entitle it to recover in this case.

With reference to the contention of the government that the plaintiff in error had so packed the dutiable articles as to conceal the same for the purpose of avoiding the payment of duties thereon, the court exonerated him from this charge, but held that the question of good or bad faith was wholly immaterial; that the only question for decision was whether or not his failure to mention to the proper customs officers, at the time of making entry, the dutiable articles contained in his baggage, was a violation of section 2802 of the Revised Statutes; and that, under the existing law upon this subject, it was not incumbent upon the government to prove that the owner of the goods intended to defraud the government. This ruling was correct. The law is well settled that:

"Where a statute imposes a duty upon a citizen, for the protection of the revenue, or for any other specific purpose, to do specific acts, and establishes penalties or forfeitures as a part of the consequences of not doing the required acts, the motive of the person incurring the penalty has nothing to do with it." United States v. One Pearl Necklace (D. C.) 105 Fed. 357, 359.

It is assigned as error that the court erred in not holding that each and all of the alleged dutiable articles in the declaration and libel were fully and sufficiently mentioned to the collector of customs by plaintiff in error at San Francisco at the time of making entry of said articles. And it is argued on his behalf that his act in striking from the baggage declaration and entry the clause heretofore quoted was sufficient to put the customs officers upon inquiry as to the dutiable character of the contents of the packages named by him, and that the condition of his declaration was such as to plainly indicate to the customs officer who received it that there were articles in the baggage which he had enumerated which had been purchased or obtained from abroad. Can this contention be maintained upon the principles announced in One Pearl Chain v. United States, 123 Fed. 371, 375, 59 C. C. A. 499, and Dodge v. United States, 131 Fed. 849, 850, 65 C. C. A. 603, upon which plaintiff in error relies? In these cases the court, commenting on the provisions of section 2802, said:

"The forfeiture provision does not mean necessarily that the article is subject to forfeiture whenever it appears that it was not mentioned in the entry, or the declaration. The statute does not so declare, and, as a penal statute, it is not to be enlarged by implication to embrace cases not within its terms. The entry and declaration by the passenger are usually made upon the vessel, and often hurriedly, and omissions may occur in the documents from inadvertence or ignorance as well as from intention. The documents are executed in the presence of the customs officer, who administers the oath to the declaration, and who is the representative of the collector in receiving the entry; and, if these omissions are brought to his notice by the passenger, it would seem to be sufficient to satisfy the statute. If, at any time while the entry is being made, and before it is completed, there is a disclosure by the passenger which is sufficient to put the customs officer upon inquiry as to the dutiable character of any of the contents of the packages, we think that, within the meaning of the statute, it is to be deemed that the articles were 'mentioned to the collector before whom such entry was made,' notwithstanding they were not mentioned in the documents. Of course, if the articles are mentioned in the entry or declaration, they are mentioned to the collector. Section 2802 does not make the element of fraudulent intent an ingredient of the cause of forfeiture."

If the plaintiff in error had mentioned to the customs officer, at the time he gave him the declaration, that he was unable to give a list of the articles purchased and the prices paid therefor, and for that reason had crossed out the printed clause in relation thereto, but that he had some pieces of silk and other articles that might be subject to duty, and requested that his trunks and baggage be examined, and that if anything was found subject to duty, he would pay the amount required, he would have brought himself within the rule announced. But he did nothing of the kind. He did not, in the language of the statute, mention to the collector the dutiable articles in his baggage. Nothing was said by him as to what articles his trunk contained—whether any were subject to duty or not. In his testimony he stated that his intention was to make a list similar to the one he made in the Philippine Islands, until he saw the notice that, if he failed to enumerate and give the value of dutiable articles, they would be confiscated, and a fine of treble their value imposed. He then thought the proper thing to do would be to strike out that paragraph in the declaration to the effect that he had stated all such articles, and leave the page blank, and take the declaration to the customs officers and ask if there was anything further to be done. His intentions were good, but, unfortunately, he did not carry them out. He was busy during the day looking after his troops, and upon his return he inquired whether the officers were ready to see his declaration, and was told they were.

"With the idea of asking questions in regard to making out the blank I went to the saloon of the ship and approached the table used by the customs officers, and was spoken to by Mr. St. John, who seemed to be in charge. He asked me if I was Capt. Harts. * * * As soon as I said I was, he seemed to be in an angry mood, and in an overbearing and insolent way he said: 'Where have you been? Don't you know that we had to search all over the ship for you?' I had heard of the attitude of the customs officers in regard to the army, and what I did was simply to suppress my indignation, and I said I had something else to do besides making out declarations for the customs officers. I asked him whether I was a resident or a nonresident. He said I was a resident. I said I thought a nonresident, and he said: 'You are not a nonresident. You are a resident.' And he told me to make out my blank in that way. So I left the table to make out the declaration

without his assistance. I thought the less I would have to do with him the better it would be, and I made out the blank myself."

Upon being asked why he crossed out the printed matter:

"A. Because I couldn't subscribe to that; because I knew I had a number of things that I had purchased abroad, but I didn't know to what extent or how many. I expected to put on this page a statement that I could not make out a list, but I thought the best thing to do was to hand it to Mr. St. John and ask him if it was all right, which I did. He, in a contemptuous manner, folded it and threw me a card, and I thought everything was all right. I asked him if the blank was all right, and was ready to answer any questions. Q. Did he ask you any? A. No, Sir. Q. Did he examine the document? A. He couldn't examine it. He glanced at it and put a number on it."

The offense for which the plaintiff in error was held liable is purely statutory. He did not, in his declaraton or in any other manner, oral or written, mention to the proper officers any articles that were dutiable, and, no matter how honest his intentions were, the goods when found, were liable to forfeiture. The principle involved herein, and the distinctions made in the different cases upon this subject, clearly show that the contention of counsel cannot be maintained. In Dodge v. United States, supra, it was, among other things, claimed that the judgment, as entered, was inconsistent with the court's decision in One Pearl Chain v. United States, supra. The court said:

"There is a very essential difference between the two cases. Neither claimant made a proper entry of her jewelry. Neither of them, at the time of making entry, mentioned orally to the customs officer that she had any jewelry with her, but one of them gave the officer a written declaration, which, in substance, advised him that she 'had in her baggage and on her person' wearing apparel (including jewelry) which she had purchased abroad.' The other made no such declaration, oral or written."

It is next claimed that the court erred (1) in not holding that all the articles described in the declaration and libel which were taken by Capt. Harts out of the Philippine Islands to China and Japan should have been free of duty into the port of San Francisco; (2) and in not holding that such of the articles as were not taken by Capt. Harts out of the Philippine Islands, but were purchased abroad, should, to the value of $300 at the place where purchased, have been admitted free of duty into the United States. Paragraph 697 of the Act of July 24, 1897, provides:

"That in case of residents of the United States returning from abroad, all wearing apparel and other personal effects taken by them out of the United States to foreign countries shall be admitted free of duty, without regard to their value, upon their indentity being established, under appropriate rules and regulations to be prescribed by the Secretary of the Treasury, but no more than one hundred dollars in value of articles purchased abroad by such residents of the United States shall be admitted free of duty upon their return." 30 Stat. 151, 202, c. 11, § 2, Free List [U. S. Comp. St. 1901, p. 1689].

In this connection we are also referred to the decisions of the Treasury Department, No. 5, letter No. 23,700, wherein, under date of May 7, 1902, Secretary Shaw issued "to officers of the customs and others concerned" a circular letter, construing for their guidance the provision of the act of July 24, 1897, announcing that:

"Each member of a resident family is separately entitled to bring free of duty $100 worth of personal effects purchased abroad, but these personal

effects must be of a character suitable to the station in life of the owner, or the conclusion will be warranted that they are not for personal use of the owner."

We are of opinion that the court did not err in its ruling that the provision of the statute above quoted is not applicable in a proceeding like this.

"It is intended for the guidance of the customs officers, and for the Circuit Court in reviewing decisions of the Board of General Appraisers, under Act June 10, 1890, c. 407, § 15, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933], when the person claiming the benefit of its exemption has complied with the requirements of the law in respect to the declaration and entry of his baggage and personal effects."

This is a sensible interpretation, calculated to aid the proper officers in carrying out the true spirit, intent, and meaning of the statute. Any other conclusion would necessarily lead to results not contemplated by the statute. It does not seem reasonable that Congress intended by the passage of the law that a resident coming into the United States from abroad, and bringing with him dutiable articles which he fails to mention to the proper customs officers, either orally or in writing, should then, after the discovery of such articles by the customs officers, and the confiscation of the articles and commencement of proceedings for the fine and penalty under the provisions of section 2802, be allowed to claim an exemption of $100 for himself, for his wife, and for his minor child. If the resident complies with the provisions of section 2802, it is unnecessary to make any application for the exemption, because the law applicable in such cases gives him the absolute right to such exemption. This is exactly what is meant by the court in Dodge v. United States, supra, cited by the plaintiff in error, wherein the court said:

"Articles purchased abroad, which are within the dutiable schedules, are still dutiable, although brought back by a returning resident; but, when entered and declared, $100 in value of such articles—whether that sum be made up by an aggregation of several articles, or parts of articles, or out of a single article—shall be allowed to such resident in making calculation as to what duty he shall pay. Section 2799, Rev. St. [U. S. Comp. St. 1901, p. 1872], indicates quite clearly that it is the passenger's duty to enter all such purchases, although some of them may fall below $100 in cost."

With reference to the articles brought from the Philippine Islands, counsel rely upon a letter, No. 23,368, from O. L. Spaulding, Acting Secretary, to the collector of customs, San Francisco, California. Vol. 5, Decisions Treasury Department. This letter reads, in part, as follows:

"Sir: Referring to a letter dated the 18th ultimo, from the special deputy naval officer at your port, I have to state that all provisions of law not embraced in the customs administrative act of June 10, 1890, as amended by the act of July 24, 1897, which relates to fines, penalties, and forfeitures in connection with imported merchandise are inapplicable to articles coming into the United States from the Philippine Islands."

It will be observed that this letter refers specifically to "imported merchandise." The articles found in the baggage of the plaintiff in error do not come within that class. Congress has provided a separate scheme for the entry and collection of duties upon imported

merchandise, and for the entry and collection of duties upon baggage and dutiable articles contained therein. United States v. One Pearl Necklace, 111 Fed. 164, 168, et seq., 49 C. C. A. 287, 56 L. R. A. 130; One Pearl Chain v. United States, 123 Fed. 371, 374, 59 C. C. A. 499. Moreover, the letter in question had reference to the violation of section 2804 [U. S. Comp. St. 1901, p. 1873], while the proceedings under consideration are for a violation of section 2802. For these reasons the authority cited has no application to these cases.

Some of the rules we have announced may seem harsh, but, as is mentioned in nearly all of the decisions we have referred to, the apparent hardship is greatly modified by the fact that:

"The statutes confer upon the Secretary of the Treasury the widest discretion to remit forfeitures and penalties accruing for a violation of the customs and revenue laws. This discretion has always been literally exerted in cases where violation was unintentional or excusable upon any consideration."

The courts, however, are not authorized to relax the rules prescribed by the statute.

The judgment and decree of the District Court are affirmed.