UNITED STATES v. ONE TRUNK (McNALLY, Claimant).

(Circuit Court of Appeals, Second Circuit. January 9, 1911.)

No. 51.

CUSTOMS DUTIES (§ 63*)—SUFFICIENCY OF DECLARATION—TIME OF MAKING ENTRY—"MENTIONED."

At the time of the arrival of claimant at the port of New York as a passenger from a foreign country, a treasury regulation provided that merchandise intended for sale and of the value of $500 or over could not be examined on the pier, but must be regularly entered at the custom house and appraised. Claimant in her declaration made on landing listed certain articles and "one trunk for public stores"; that being the place where imported merchandise goes for examination and appraisal. Later she filed regular written entry at the custom house, and with it duplicate consular invoice of the contents of the trunk, which consisted of dutiable merchandise of over $500 in value. Held, that the description in claimant's declaration was sufficient, and that her filing of the invoice at the custom house later was a compliance with Rev. St. § 2802 (U. S. Comp. St. 1901. p. 1873), which requires all dutiable articles to be "mentioned to the collector" "at the time of making entry."

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 169; Dec. Dig. § 63.*

For other definitions, see Words and Phrases, vol. 5, p. 4476.]

In Error to the District Court of the United States for the Southern District of New York.

Libel by the United States against one trunk and contents, Anna McNally, claimant. Judgment for claimant (171 Fed. 772), and libelant brings error. Affirmed.

This cause comes here upon a writ of error to review a judgment of the District Court, Southern District of New York, in favor of defendant in error, who was defendant below.

Henry A. Wise, U. S. Atty. (W. L. Wemple, Asst. U. S. Atty., of counsel), for the United States.

W. Wickham Smith and John K. Maxwell, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The case arises upon a libel filed by the United States against a trunk containing gowns, the property of defendant, praying that the same be forfeited to the United States for various causes set forth in the libel. We are concerned here, however, with a single cause only, viz., that on or about March 12, 1908, the merchandise was found in the baggage of the claimant and was not at the time of the making entry of said baggage by said claimant or prior thereto mentioned to the collector before whom said entry was made, and that thereby under section 2802, Rev. St. (U. S. Comp. St. 1901, § 1873), said merchandise became subject to forfeiture. The case was tried on an agreed statement of facts and the trial judge directed a verdict for defendant.

The section relied on reads as follows:

"Sec. 2802. Whenever any article subject to duty is found in the baggage of any person arriving within the United States, which was not, at the time

of making entry for such baggage mentioned to the collector before whom such entry was made, by the person making the entry, such article shall be forfeited. * · * * "

This section was fully discussed by this court in the two cases U. S. v. One Pearl Necklace, 111 Fed. 164, 49 C. C. A. 287, 56 L. R. A. 130, and One Pearl Chain v. U. S., 123 Fed. 372, 59 C. C. A. 499; Dodge v. United States, 131 Fed. 849, 65 C. C. A. 603; United States v. One Pearl Chain, 139 Fed. 513, 71 C. C. A. 500. We reached the conclusion that:

"If at any time while the entry is being made, and before it is completed, there is a disclosure by the passenger, which is sufficient to put the customs officers upon inquiry as to the dutiable character of any of the contents of the packages, we think that within the meaning of the statute it is to be deemed that the articles were mentioned to the collector before whom such entry was made."

We are referred to no decision which in any way qualifies this construction; on the contrary, it is quoted at length in the case mainly relied on by the government. Harts v. U. S., 140 Fed. 843, 72 C. C. A. 255. The court in that case indicated in what respects it thought the claimant had failed to bring himself within the rule announced.

What happened in the case at bar is this: The claimant, a dressmaker, arrived at the port of New York by steamer, bringing with her three trunks and a valise. Two of the trunks and the valise contained only her own wearing apparel and personal effects, including some articles purchased abroad, none of which was intended for sale. One of the trunks contained a large number of gowns, valued at nearly $4,000, which were not intended for her personal use, but were to be sold.

A treasury regulation then in force provided:

"Art. 615. Merchandise, that is articles not of a personal nature, intended for sale, over $100, and less than $500 in value, accompanied by consular invoice, may be examined and appraised on the pier. If not accompanied by consular invoice, regular entry at the custom house and appraisement will be required. Merchandise * * * of a value of $500 or over, whether accompanied by consular invoice or not, must be regularly entered at the custom house and appraised."

Claimant had with her the consular invoice covering the merchandise in the one trunk, which was intended for sale. Being of a value over $500, it could not be examined and appraised on the pier, and could be regularly entered only at the custom house.

Claimant, upon arrival March 10, 1908, filled up the usual passenger's declaration stating that she had with her three trunks and one valise. In the place for listing articles obtained abroad she wrote:

2 hats, 100 Fr.
2 pairs corsets, 10 Fr.
1 lace linen cover, 50 Fr.
3 Petticoats, 165 Fr.
2 pairs rehlin corsets, 50 Fr.
1 trunk for public stores

—and signed the declaration.

The trunk was sent to the "public stores" which is the place where imported merchandise goes for examination and appraisal. On March

12th she filed regular written entry at the custom house, and with such entry filed duplicate consular invoice. On March 18th the contents of the trunk were seized and this libel subsequently filed.

Claimant's declaration certainly disclosed to the government officers that one of her trunks contained articles of such character as required its being sent to the public stores. What more they needed to put them on inquiry as to the dutiable character of its contents we find it difficult to understand. We concur with the district judge in the statement that, if it be claimed that the word "trunk" is not equivalent of "effects in a trunk," the point is too trivial for notice; and also concur in his conclusion that claimant brought herself within the rule announced in the Pearl Necklace Cases, supra. Unlike the claimant in the Harts Case, supra, who gave the government officers no information whatever and was, for that reason, condemned, Mrs. McNally furnished a consular invoice covering every article (so far as this record shows) and she furnished that at the place where the regulations told her she must enter the goods. Being over $500 in value, they could not be examined and appraised on the pier. To contend that her merchandise should be forfeited, because she did not copy the items of the consular invoice upon her declaration, when the officer to which it was to be handed was forbidden by the regulations to examine and appraise on the pier, seems to us wholly unreasonable.

The judgment is affirmed.