## LOZANO v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 31, 1927.)

No. 4856.

1. **Customs duties** ⊂⇒121—**Definition of "merchandise," importation of which is forbidden in Tariff Act, held to include foreign coin (Tariff Act 1922, § 401 [Comp. St. § 5841d]).**

Definition of "merchandise" in Tariff Act 1922, § 401 (Comp. St. § 5841d), as meaning goods, wares, and chattels of every description, including merchandise, importation of which is forbidden, is broad enough to include foreign coin.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

2. **Customs duties** ⊂⇒130(4)—**Mexican gold coin, concealed on person with intent not to declare it, held not subject to forfeiture, if possession was disclosed as soon as opportunity was afforded (Tariff Act 1922, §§ 401, 461, 593 [Comp. St. §§ 5841d, 5841e30, 5841h13]).**

That Mexican gold coin, importation of which is not forbidden, and which is not subject to duty, was concealed on person of individual who was bringing it from Mexico, with intent not to declare it, did not make it subject to forfeiture under Tariff Act 1922, §§ 401, 461, 593 (Comp. St. §§ 5841d, 5841e30, 5841h13), if possession was disclosed to customs inspector as soon as opportunity to do so was afforded.

3. **Customs duties** ⊂⇒133(7)—**Whether Mexican gold coin concealed on person was seasonably disclosed to customs inspector held for jury (Tariff Act 1922, §§ 401, 461, 593 [Comp. St. §§ 5841d, 5841e30, 5841h13]).**

Conflict in evidence respecting whether person bringing Mexican gold coin into country concealed on his person disclosed his possession thereof to customs inspector as soon as opportunity was afforded, so as not to make it subject to forfeiture under Tariff Act 1922, §§ 401, 461, 593 (Comp. St. §§ 5841d, 5841e30, 5841h13), *held* to present issue for jury.

In Error to the District Court of the United States for the Southern District of Texas; William B. Sheppard, Judge.

Libel by the United States of America for forfeiture of 16,000 pesos, Mexican gold coin, claimed by E. Garza Lozano. Judgment of forfeiture, and claimant brings error. Reversed and remanded for new trial.

R. D. Wright, of Laredo, Tex. (John S. Morris, of Laredo, Tex., Hicks, Hicks, Dickson & Bobbitt, of San Antonio, Tex., and R. D. Wright, of Laredo, Tex., on the brief), for plaintiff in error.

H. M. Holden, U. S. Atty., of Houston, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was a libel for the forfeiture of "16,000 pesos Mexican gold coin." The libel, after alleging the seizure of the coin by a United States customs inspector on or about the 13th day of June, 1924, alleged that said inspector "holds the same subject to condemnation and forfeiture to the United States of America by reason of the fact that at the time of the seizure the said 16,000 pesos Mexican gold coin were concealed upon the person of said Emilio Garza Lozano, Jr., and were then and

there being smuggled from the Republic of Mexico into the United States across the footbridge at Laredo, Tex., without being submitted to customs inspection or being declared at the customs house, or entry being made thereof, as required by the customs laws of the United States." The evidence adduced was testimony as to the circumstances of the discovery of the gold coin by the customs inspector, and the seizure of it. J. R. Devine, the customs inspector, testified to the following effect: Emilio Garza Lozano passed the door of the customs office into which a person ordinarily would enter to declare merchandise. Witness hailed him, and he said "No" in reply to a question whether he had anything from Mexico to declare. After he came into the customs office, the witness felt a hard substance on his person, and, in reply to a question as to what it was, he said it was $16,000 gold Mexican money. Thereupon the coin was seized. The claimant's son, who was the person who brought the coin from Mexico, testified to the following effect: In bringing the money from Mexico he had it concealed on his person, because that was the only way he could bring it from Mexico, as the exportation of Mexican gold coin is forbidden by the law of Mexico. When he left Mexico, he did not intend to declare the money on this side of the river, because he did not think it was necessary, and knew there was no duty on it. When he approached Mr. Devine, the customs inspector, who was standing at the door of the customs office, Mr. Devine motioned to witness, and told him to come in, and he went into the office. When asked by Mr. Devine if he had anything on, he said, "Yes, gold," and stated the amount he had. The court directed a verdict for the United States, and made the following statement to the jury: "While there is a conflict in the testimony of the government and that of the claimant as to whether the claimant seasonably declared the gold, all the circumstances and admissions of Emilio Garza Lozano strongly corroborate the government's case that Lozano did not make a declaration as required by statute and regulations before the seizure. The gold was concealed on the person of Lozano, and he admitted he had no intention of declaring it. His conduct further evidenced his purpose in passing the line without declaring, and, according to testimony of Devine, he had passed the line when he was stopped."

The forfeiture was adjudged under section 593 of the Tariff Act of 1922 (Comp. St. § 5841h13), which provides: "If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, * * * such merchandise shall be forfeited and the offender shall be fined [etc.]. * * * Whenever, on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury." 42 Stat. 982. The following is section 461 of that act (Comp. St. § 5841e30): "All merchandise and baggage imported or brought in from any contiguous country, except as otherwise provided by law or by regulations of the Secretary of the Treasury, shall be unladen in the presence of and be inspected by a customs officer at the first port of entry at which the same shall arrive; and such officer may require the owner, or his agent, or other person, having charge or possession of any trunk, traveling bag, sack, valise, or other container, or of any closed vehicle, to open the same for inspection, or to furnish a key or other means for opening the same." 42 Stat. 956.

That act (section 401 [Comp. St. § 5841d]) contains the following: "When used in this title * * * the word 'merchandise' means goods, wares, and chattels of every description and includes merchandise the importation of which is prohibited." [1-3] The statute's definition of merchandise is broad enough to cover foreign coin. Patton v. Brady, 184 U. S. 608, 22 S. Ct. 493, 46 L. Ed. 713. No phase of the evidence tended to prove a ground of forfeiture other than a failure to declare the coin or to submit it to customs inspection. A finding that the coin was declared as soon as an opportunity to do so was afforded was supported by a phase of the evidence. The facts that the coin was concealed on the person of the individual who was bringing it from Mexico and that that individual did not intend to declare it did not make it subject to forfeiture if his possession of it was disclosed to the inspector as soon as an opportunity to do so was afforded. United States v. One Pearl Chain (C. C. A.) 139 F. 513; United States v. One Trunk (C. C. A.) 184 F. 317; Rogers v. United States (C. C. A.) 180 F. 54, 31 L. R. A. (N. S.) 264. The importation of the coin was not forbidden, and it was not subject to duty. The allegation of the libel to the effect that the coin was not submitted to customs inspection and was not declared at the custom house was not

supported by uncontroverted evidence. There being testimony to the effect that the possession of the coin and the amount of it were disclosed at the first opportunity afforded for doing so, the above-mentioned rulings of the court were erroneous. The judgment is reversed, and the cause is remanded for a new trial.

Reversed.