**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Edgar SALINAS–CERON, Defendant-Appellee.**

No. 83–5069.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 1983.

Decided April 24, 1984.

---

Robert A. Pallemon, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellant.

Juan P. Robertson, Los Angeles, Cal., for defendant-appellee.

Before SCHROEDER, CANBY, Circuit Judges, and HOFFMAN *, Senior District Judge.

CANBY, Circuit Judge:

Appellee Edgar Salinas-Ceron was prosecuted under a two-count indictment. Count one charged him with making a false statement to a governmental agency in violation of 18 U.S.C. § 1001. Count two charged him with violating 31 U.S.C. §§ 5316(a) and 5322(a) for failing to report approximately $186,000 in United States currency he was taking out of the country. The district court dismissed count one, and Salinas

---

* The Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

pleaded guilty to count two for which he received the maximum sentence of one year. The government appeals the dismissal of count one of the indictment.

## FACTS

On October 2, 1982, United States Customs Service agents were on duty at Los Angeles International Airport, observing passengers check in for an international flight. When Salinas checked in for Avianca flight # 81 to Bogota, Columbia, the agents noticed that he appeared reluctant to check one of his bags which was too big to carry on the plane. Salinas was eventually persuaded by an airline employee to check the bag, and it was removed to a baggage storage area where the agents retrieved it and had it examined. Suspecting that the bag had a false bottom, the agents opened the bag and found that it had a false inner shell concealing $184,000 in United States currency.

Upon discovering the money, the agents secured the bag in the Customs office located in the airport and met Salinas as he was preparing to board flight # 81. When the agents stopped Salinas, they asked him whether he was carrying more than $5,000 to which Salinas responded "No." After Salinas indicated that he understood that he must file a report if he was carrying more than $5,000 out of the country, the agents asked him how much money he had with him. Salinas told the agents that he had between $2,000 and $3,000 which he produced from his pants pocket. The agents counted the money, and having verified that he had only $2,000 to $3,000 on his person they asked him whether he had any more United States currency in his luggage. When Salinas replied that he did not, he was placed under arrest. He was subsequently indicted under 18 U.S.C. § 1001 for his statement that he was carrying only $2,000 to $3,000 and under 31 U.S.C. §§ 5316(a) and 5322(a) for failure to report that he was carrying more than $5,000.

## ANALYSIS

The district court dismissed the 18 U.S.C. § 1001 [1] count on the ground that Salinas' statement was not material. The court reasoned that, because the agents already knew that Salinas was carrying more than $5,000 when he made the false statement and therefore could not have been misled by it, the statement was not materially false.

Materiality under 18 U.S.C. § 1001 is tested by whether "the false statements [could] have affected or influenced the exercise of a governmental function." *Brandow v. United States*, 268 F.2d 559, 565 (9th Cir.1959). In determining whether a statement could have this effect, "the test is the *intrinsic* capabilities of the false statement itself, rather than the possibility of the actual attainment of its end as measured by collateral circumstances." *Id.* (quoting *United States v. Quirk*, 167 F.Supp. 462, 464 (E.D.Pa.1958), *aff'd*, 266 F.2d 26 (3d Cir.1959) (per curiam) (emphasis added)). *Accord United States v. Goldfine*, 538 F.2d 815, 820–21 (9th Cir. 1976). Salinas' answers to the agents' questions, if believed, obviously had the capability to influence the agents in the exercise of their duty to enforce the currency reporting requirement and thus were material despite the agents' knowledge of their falsity. *See United States v. Moore*, 638 F.2d 1171, 1176 (9th Cir.1980), *cert. denied*, 449 U.S. 1113, 101 S.Ct. 924, 66 L.Ed.2d 842 (1981).

Nevertheless, we must affirm the dismissal of the 18 U.S.C. § 1001 count. Since this case came to trial, another panel of this court held that a defendant cannot be convicted of violating both 18 U.S.C.

---

1. 18 U.S.C. § 1001 provides:

    Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willingly falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

§ 1001 and 31 U.S.C. § 5322(a)[2] for the same conduct. *United States v. Woodward,* 726 F.2d 1320, 1326 (9th Cir.1983).[3] We find *Woodward* dispositive of this appeal.

The government contended at oral argument that we should not follow *Woodward* because of what it contended was a contrary holding by another panel of this court in *United States v. Duncan,* 693 F.2d 971 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983). Even if the government were correct, we would not be free to disregard our own precedent, and would have to resolve any such conflict *en banc.* We do not accept the government's suggestion, however, that these two cases are irreconcilable. In *Woodward,* the defendant had been charged and convicted for the same conduct under both 18 U.S.C. § 1001 and 31 U.S.C. § 1058, the predecessor of 31 U.S.C. § 5322(a). We vacated the 18 U.S.C. § 1001 conviction because we determined that 18 U.S.C. § 1001 constituted a lesser included offense within 31 U.S.C. § 1058. *Woodward,* 726 F.2d at 1326.

In *Duncan,* on the other hand, we were not confronted with multiple convictions. Duncan had been convicted only of violating 18 U.S.C. § 1001. We merely held that a defendant may be convicted under 18 U.S.C. § 1001 even though the same conduct may be prohibited by 31 U.S.C. § 1058. *Duncan,* 693 F.2d at 975. In *Duncan* we did not go so far as to embrace the broader proposition advanced by the government here that a defendant may be convicted under both statutes for the same conduct. Although in *Duncan* we did comment in dictum that 18 U.S.C. § 1001 and 31 U.S.C. § 1058 were not redundant, this conclusion was based entirely on the authority of *United States v. Moore,* 638 F.2d 1171 (9th Cir.1980), *cert. denied,* 449 U.S. 1113, 101 S.Ct. 924, 66 L.Ed.2d 842 (1981). *Duncan,* 693 F.2d at 975. The defendant in *Moore,* however, never raised the multiple convictions issue raised in *Woodward,* and consequently the issue was never before us in *Moore. See Woodward,* 726 F.2d at 1323 n. 2. More important, in *Duncan* we noted another basis for our holding —namely, that Duncan was convicted under only one of the statutes. *See Duncan,* 693 F.2d at 975 n. 4.

The principle we extract from *Duncan* and *Woodward* is that when the same conduct is punishable under both 18 U.S.C. § 1001 and 31 U.S.C. § 5322(a) it can be punished under either statute but not under both. Therefore, when a defendant is convicted, or acquitted, under one statute, it is a bar to a conviction for the same conduct under the other. *See* C. Torcia, *Wharton's Criminal Law,* § 58 at 300 (14th ed. 1978). Since Salinas pleaded guilty and was convicted under 31 U.S.C. § 5322(a), all we need to decide is whether the same conduct that formed the basis of that conviction also forms the basis of the charge under 18 U.S.C. § 1001. If it does,

---

**2.** 31 U.S.C. § 5322(a) provides:

A person willfully violating this subchapter or a regulation prescribed under this subchapter (except section 5315 of this title or a regulation prescribed under section 5315) shall be fined not more than $1,000, imprisoned for not more than one year, or both.

Salinas was charged with willfully violating 31 U.S.C. § 5316(a) which provides:

Except as provided in subsection (c) of this section, a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly—

(1) transports or has transported monetary instruments of more than $5,000 at one time—

(A) from a place in the United States to or through a place outside the United States; or

(B) to a place in the United States from or through a place outside the United States; or

(2) receives monetary instruments of more than $5,000 at one time transported into the United States from or through a place outside the United States.

**3.** *Woodward* was not decided until after the parties filed their briefs in this case. Consequently, the briefs did not raise the possibility that Salinas' conviction under 31 U.S.C. § 5322(a) might bar a second conviction under 18 U.S.C. § 1001. However, the issue was presented at oral argument, and it is on that basis that we now take it up.

we must uphold the dismissal of the section 1001 count.

 This case differs from *Woodward* in that the government bases its 31 U.S.C. § 5322(a) charge on the willful failure to file a currency report, while the basis of the 18 U.S.C. § 1001 charge is Salinas' misrepresentation to the Customs agents that he was carrying only $2,000 to $3,000. We do not find the distinction material, however, since *Woodward* held that no affirmative misrepresentation of any kind is needed to violate 18 U.S.C. § 1001 as long as there was a willful failure to file a currency report. *Woodward*, 726 F.2d at 1325. We reasoned in *Woodward* that a willful failure to file was a form of "concealment," or an implied misrepresentation, indistinguishable from an express misrepresentation. *See id.* at 1325 n. 8. Salinas' willful act of failing to file therefore would have violated 18 U.S.C. § 1001.

Under *Woodward*, however, he cannot be convicted under section 1001 for that failure after his conviction for violating 31 U.S.C. § 5322(a). Thus, we are unable to view Salinas' statement as a separate violation of law. *Woodward* makes clear that a willful representation of the amount of currency which violates 18 U.S.C. § 1001 is an offense included within the willful failure to file a report under 31 U.S.C. § 5322(a). *Woodward*, at 1326. The minimum conduct necessary for commission of both crimes, willfully failing to disclose, is the same. We found in *Woodward* that Congress did not intend conviction of two crimes in these circumstances, and we pointed out that section 1001 was amended to its present form largely to provide a criminal sanction for reporting statute violations where other statutory sanctions are unavailable. *Id.* at 1325. Since conviction under section 5322(a) was obtained in this case, Salinas cannot now be prosecuted under section 1001 as well.

AFFIRMED.