UNITED STATES of America, Plaintiff-Appellee,

v.

Seth Ira BOOKY, Defendant-Appellant.

No. 83–1239.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 1984.

Decided May 24, 1984.

Mervyn Hamburg, Washington, D.C., for plaintiff-appellee.

Ron Minkin, Minkin & Kohn, Los Angeles, Cal., for defendant-appellant.

Before CHOY, GOODWIN and KENNEDY, Circuit Judges.

CHOY, Circuit Judge:

We determine whether the district court properly sentenced appellant Seth Ira Booky under the felony enhancement provision of 31 U.S.C. § 5322(b). Concluding that Booky was improperly sentenced, we vacate his sentence and remand to the district court for resentencing under 31 U.S.C. § 5322(a).

## BACKGROUND

On June 1, 1983, two United States Customs officials stopped Booky at the Honolulu International Airport while he was boarding a flight for Hong Kong. The officials asked Booky whether he was carrying more than $5000 in cash and he replied, "No." A subsequent search of

Booky's briefcase on board the airplane revealed a total of $94,295 of United States currency.

The Government charged Booky with making a materially false statement to a federal official, 18 U.S.C. § 1001,[1] and failing to report the removal of over $5000 in currency from the United States, 31 U.S.C. § 5316.[2] On June 27, 1983, Booky pled "not guilty" to the two counts. On August 23, 1983, Booky changed his plea to "guilty" on the second count for failure to report. On September 26, 1983, the United States District Court for the District of Hawaii sentenced Booky to 30 months imprisonment under 31 U.S.C. § 5322(b), ordered the $94,295 forfeited to the Government, and dismissed the first count upon the Government's motion.

## DISCUSSION

Appellant Booky argues that the district court improperly sentenced him under the felony provision, 31 U.S.C. § 5322(b), and that the court should have sentenced him under the misdemeanor provision, 31 U.S.C. § 5322(a). Section 5322, in relevant part, states:

(a) A person willfully violating this subchapter or a regulation prescribed under this subchapter ... shall be fined not more than $1,000, imprisoned for not more than one year, or both.

(b) A person willfully violating this subchapter or a regulation prescribed under this subchapter ... while violating another law of the United States or as part of a pattern of illegal activity involving transactions of more than $100,000 in a 12-month period, shall be fined not more

---

1. 18 U.S.C. § 1001 provides:
   Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

2. 31 U.S.C. § 5316, in relevant part, provides:
   ... a person or an agent or bailee of the person shall file a report ... when the person, agent, or bailee knowingly—... transports or has transported monetary instruments of more than $5,000 at one time—... from a place in the United States to or through a place outside the United States .... A report under this section shall be filed at the time and place the Secretary of the Treasury prescribes....

than $500,000, imprisoned for not more than 5 years, or both.

31 U.S.C. § 5322(a), (b). The Government contends that the district court properly sentenced Booky under part (b) because he failed to report the removal of over $5000 from the United States "while violating another law of the United States." The Government points to Booky's making of a materially false statement to a federal official under 18 U.S.C. § 1001 as this other violation.

Booky, however, notes that the predecessor of section 5322(b), 31 U.S.C. § 1059, was worded somewhat differently and argues correctly that this language should control our interpretation of section 5322(b).[3] Section 1059 provided for enhanced penalties when the failure to report was "committed in furtherance of the commission of any other violation of Federal law ...." *See United States v. Beusch,* 596 F.2d 871, 873 n. 2 (9th Cir.1979) (text of section 1059). Using the language of the original section 1059, Booky contends that he is not subject to the penalty enhancement provision of section 5322(b) because he did not purposely fail to report the currency in order to further the crime of making a material false statement to a federal official. We need not, however, consider the application of the "in furtherance of" language in this case because Booky's sentence should be vacated for another reason.

After the parties to this appeal submitted their briefs, another panel of this court decided *United States v. Woodward,* 726 F.2d 1320 (9th Cir.1983). We then request-ed the parties to submit supplemental briefs.

In *Woodward,* the defendant was convicted under the false statement statute, receiving six months imprisonment, and the misdemeanor provision of the reporting act, receiving a consecutive sentence of three years probation. Applying *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), this court held that a defendant may not be separately and cumulatively punished for false statement and reporting act violations. 726 F.2d at 1323–25. This court found that a violation of the false statement statute, 18 U.S.C. § 1001, is an included offense within a conviction under the reporting act, 31 U.S.C. §§ 5316, 5322. *Id.* at 1326–27.

In the present case, the district court convicted Booky of the reporting act violation and dismissed the false statement charge. The court, however, erred in relying on the violation of the false statement statute to enhance the penalty for Booky's conviction under the reporting act. The false statement statute cannot constitute another federal law for the purpose of the penalty enhancement provision in section 5322(b), because, under *Woodward,* it is an included offense of a reporting act violation. To allow the Government to obtain a felony conviction through the penalty enhancement provision in this manner would completely thwart the *Woodward* decision.

The Government, however, attempts to distinguish *Woodward.* In *Woodward,* both the false statement and the reporting act violations arose from the same act—the defendant's failure to report that he or any

---

**3.** The Government concedes that Congress did not intend to make any substantive changes in the recodification of title 31, including the recodification of section 1059 into section 5322(b). Public Law 97–258 states that it is an Act "[t]o revise, codify, and enact *without substantive change* certain general and permanent laws, related to money and finance, as title 31 ...." Pub.L. No. 97–258, 96 Stat. 877 (1982), *reprinted in* 31 U.S.C.S. 5435 (Nov. 1982) (emphasis added). The House Report accompanying the recodification observed that "this bill makes no substantive change in the law" because in a codification law, the courts uphold the presumption that "the law is intended to remain substantively

unchanged." H.R.Rep. No. 651, 97th Cong., 2d Sess. 3, *reprinted in* 1982 U.S.Code Cong. & Ad.News 1895, 1897. Moreover, the portion of the House Report pertaining specifically to section 5322(b) does not note any substantive changes. *Id.* at 178, *reprinted in* 1982 U.S.Code Cong. & Ad.News at 2072. The requirement imposed by the "in furtherance of" language in original section 1059, therefore, must be read into recodified section 5322(b). *See Muniz v. Hoffman,* 422 U.S. 454, 470, 95 S.Ct. 2178, 2187, 45 L.Ed.2d 319 (1975); *Atchison, Topeka and Santa Fe Ry. Co. v. United States,* 617 F.2d 485, 490 (7th Cir.1980); 1A C. Sands, Sutherland Statutory Construction § 28.10 (4th ed. 1972).

member of his family was carrying monetary instruments in excess of $5000 into the United States. 726 F.2d at 1321. In this case, the reporting act charge arose from Booky's failure to report the currency, while the false statement charge arose from his earlier representation to customs officials that he was not carrying more than $5000 in cash. The Government in effect argues that the defendant's false statement constitutes a separate violation because, unlike the false statement in *Woodward*, it arose from separate facts.

A recent decision of this court, however, has rejected this distinction. *United States v. Salinas-Ceron*, 731 F.2d 1375 (9th Cir.1984). The Government in *Salinas-Ceron* similarly based its reporting act charge on the defendant's failure to file a currency report and its false statement charge on the defendant's separate misrepresentation to a customs agent. Relying on *Woodward*, this court could not "view [the defendant's] statement as a separate violation of law" because the "minimum conduct necessary for commission of both crimes, willfully failing to disclose, is the same." *Id.* at 1379. Under *Woodward* and *Salinas-Ceron*, therefore, a violation of the false statement statute is an included offense within a conviction under the reporting act even if the false statement charge arises from a separate affirmative misrepresentation to a federal official.

## CONCLUSION

We hold that Booky's violation of the false statement statute, 18 U.S.C. § 1001, may not be used to enhance his penalty under 31 U.S.C. § 5322(b). We therefore vacate appellant's sentence and remand to the district court for resentencing under 31 U.S.C. § 5322(a).

VACATED AND REMANDED.