**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Edgar SALINAS–CERON,**
**Defendant-Appellee.**

**No. 83–5069.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 1983.

Decision Withdrawn April 24, 1984.

Rehearing Granted March 13, 1985.

Decided March 13, 1985.

Robert A. Pallemon, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellant.

Juan P. Robertson, Los Angeles, Cal., for defendant-appellee.

Before SCHROEDER and CANBY, Circuit Judges and HOFFMAN, District Judge [*].

CANBY, Circuit Judge:

The government has petitioned for a rehearing of our decision in this case, reported at 731 F.2d 1375 (9th Cir.1984). We grant the rehearing, vacate our previous decision and reverse the decision of the district court.

The facts of this case are fully set out in the report of our previous decision. The defendant, Edgar Salinas-Ceron, had been charged in a single indictment with violating both 18 U.S.C. § 1001 and 31 U.S.C. § 5322(a) for the same conduct. He had already pleaded guilty and had been convicted of violating 31 U.S.C. §§ 5316(a) and 5322(a). The district court dismissed the remaining count alleging a violation under 18 U.S.C. § 1001 on the ground that the false statement made by Salinas-Ceron was not material. We held that the district court erred in that ruling, but we affirmed on the ground that Salinas-Ceron could not be convicted of violating both 18 U.S.C. § 1001 and 31 U.S.C. § 5322(a) for the same conduct. In so ruling, we relied on our recent decision in *United States v. Woodward*, 726 F.2d 1320, 1326 (9th Cir. 1984), holding that 18 U.S.C. § 1001 defined a lesser included offense within the offense defined in the predecessor of 31 U.S.C. § 5322(a).

The Supreme Court subsequently granted certiorari in *Woodward* and summarily reversed our decision. 53 U.S.L.W. 3476 (U.S. Jan. 8, 1985) (per curiam). The Supreme Court held that the felony of making a false statement, defined in 18 U.S.C. § 1001, was a wholly separate offense from the misdemeanor of failing to report currency, defined in the predecessor to 31 U.S.C. § 5322(a). The Court held that the offenses were distinct under the test of *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), because proof of a currency reporting violation does not necessarily include proof of a trick, scheme or device to conceal material information. The converse is even more obviously true. Finally, after reviewing legislative history, the Supreme Court concluded that Congress intended to permit punishment of conduct such as Woodward's under both statutes.

It follows from the Supreme Court's decision in *Woodward* that our previous decision in this case was incorrect. Salinas-Ceron's conviction under 31 U.S.C.

* The Honorable Walter Hoffman, Senior District Judge for the Eastern District of Virginia, sitting    by designation.

§ 5322(a) does not preclude his prosecution for violating 18 U.S.C. § 1001. For reasons stated in our prior opinion, 731 F.2d at 1377, the district court erred in ruling that Salinas-Ceron's alleged statement was not "material" within the meaning of § 1001.

The decision of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.[1]

---

**1.** The government petitioned for reconsideration of our previous decision in light of *Ohio v. Johnson,* — U.S. —, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), which was decided after our opinion was filed. Because *United States v. Woodward* is dispositive of this appeal, we need not reach the double jeopardy issue raised in the government's petition for rehearing.