**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Vapsi Akiram SALAS–CAMACHO,
Defendant–Appellant.**

No. 87–5341.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 2, 1988.

Decided Oct. 19, 1988.

---

Edmundo Espinoza, San Diego, Cal., for defendant-appellant.

William Q. Hayes, Asst. U.S. Atty., argued, Roger W. Haines, Jr. and William Q. Hayes, Asst. U.S. Attys., on the brief, San Diego, Cal., for plaintiff-appellee.

Before WALLACE, FARRIS and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Vapsi Akiram Salas–Camacho appeals his conviction for smuggling goods into the United States, in violation of 18 U.S.C. § 545, and making two false denials that he was bringing merchandise into this country, in violation of 18 U.S.C. § 1001. He claims that because he declared the goods at the secondary inspection station, he cannot be convicted of smuggling. He also argues the district court erred in rejecting jury instructions to that effect. We need also to decide if the appellant can be convicted twice of making the same denial to Customs officials. We affirm.

## BACKGROUND

On May 4, 1987, Salas–Camacho attempted to enter the United States from Mexico at the port of entry at San Ysidro, California. He was driving a white Chevrolet pickup truck and was accompanied by a friend. He stopped at the primary inspection station and customs inspector Thomas Morin asked the appellant his citizenship, where he lived, how long he had been in Mexico, and if he was bringing anything back from Mexico. He replied that he had made no purchases and was not bringing anything with him from Mexico. Appellant also volunteered information which had not been requested by Inspector Morin and appeared to be rambling. During his questioning of appellant, Inspector Morin observed that he was nervous and overly friendly. Because of these observations, Inspector Morin referred appellant to the secondary inspection area.

There, customs inspector John Davidson approached the truck and asked appellant what he was bringing from Mexico. He replied that he had nothing to declare. Appellant testified that Inspector Davidson never asked him if he had anything to declare. At any rate, Inspector Davidson removed a referral slip from the windshield of appellant's car and entered his name in the Department of Treasury computer system. Inspector Davidson learned from the search that appellant had been previously arrested at the San Ysidro port of entry in possession of undeclared steroids. Inspector Davidson returned to the vehicle and requested that appellant exit the truck. Inspector Davidson confronted appellant with his prior stop for failing to declare steroids, at which point appellant admitted that he had been stopped before and that he presently had steroids in his truck. Three boxes of steroids were retrieved from the vehicle.

On May 15, 1987, a grand jury indicted appellant for one count of illegal importation of merchandise, in violation of 18 U.S.C. § 545, and two counts of making false statements to a federal officer in violation of 18 U.S.C. § 1001. He was convicted of all counts on September 23, 1987. On November 9, 1987, appellant was sentenced on count 1 to a suspended sentence and was placed on probation for a period of three years on the condition that he be confined in a jail-type institution for six months and then returned to Mexico. On counts 2 and 3, the appellant received the same sentence, both to be served concurrently. Appellant timely appeals. We have jurisdiction by virtue of 28 U.S.C. § 1291. Appellant has been released from custody, and is now serving his probation.

## DISCUSSION

### I. *The Smuggling Count*

The relevant portion of 18 U.S.C. § 545 provides that "[w]hoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law" shall be guilty of a crime, and that "[p]roof of defendant's possession of such goods, unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction for violation of this section." *Id.* Appellant claims that he cannot be convicted under this section because he did, indeed, declare the steroids at the secondary inspection area. We review this question of law *de novo*. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

This argument has no merit. An importer has an obligation to stop and declare items intended for entry into the United States. *United States v. Davis*, 597 F.2d 1237, 1239 (9th Cir.1979); *United States v. Mirenda*, 443 F.2d 1351, 1356–57 (9th Cir.), *cert. denied sub nom. Verdugo–Medina v. United States*, 404 U.S. 966, 92 S.Ct. 343, 30 L.Ed.2d 286 (1971); *see also* 19 U.S.C. § 1461 (1982). Courts have required, moreover, that an importer take the first opportunity to declare the goods in their possession. This matter was settled in *United States v. Ritterman*, 273 U.S. 261, 47 S.Ct. 371, 71 L.Ed. 636 (1927), where the defendant, after being asked numerous times if he had anything to declare, only made a declaration while being searched. *Id.* at 266, 47 S.Ct. at 371. The Court concluded that the defendant

> could not purge himself of the consequences of his fraud by confessing when he saw that he was on the point of being discovered or, as might have been found, after he had been. The argument that in such circumstances he was entitled to ... change his mind and make entry of the goods, seems to us extravagant. Repentance came too late.

*Id.* at 269, 47 S.Ct. at 372. This rule has been consistently applied in this circuit and in other courts. *See United States v. Elksnis*, 528 F.2d 236, 239 (9th Cir.1975); *New-*man v. United States*, 276 F. 798, 799–800 (2d Cir.1921), *cert. denied*, 258 U.S. 623, 42 S.Ct. 317, 66 L.Ed. 796 (1922); *Rogers v. United States*, 180 F. 54, 60–61 (6th Cir. 1910); *United States v. 218½ Carats Loose Emeralds*, 153 F. 643, 647–48 (S.D.N.Y.), *aff'd*, 154 F. 839 (2d Cir.1907).

Appellant relies, nonetheless, on language in *United States v. 66 Pieces of Jade*, 760 F.2d 970 (9th Cir.1985), which stated that the defendant "had the opportunity to declare the jewelry when ... asked whether anyone was bringing anything into the country, and the opportunity to amend his declaration when [he] entered the secondary inspection area...." *Id.* at 974. *66 Pieces of Jade* was, however, a civil forfeiture case under 19 U.S.C. § 1497, and the court there found that a traveler had failed to declare merchandise after being asked twice, but did *not* rule that a traveler has two separate opportunities to declare goods. *Id.* Because appellant did not avail himself to the first opportunity to declare the steroids in his possession, he was properly convicted of smuggling merchandise into the United States in violation of 18 U.S.C. § 545.

### II. *The False Statements*

The appellant was indicted on two counts for making a false statement to a government official in violation of 18 U.S.C. § 1001. One count was for making a denial that he had any goods to declare to the primary customs inspector, Thomas Morin. The second was for making the same denial to the secondary customs inspector, John Davidson. At the outset, it should be noted that the jury's guilty verdict on the second count of a false statement to Inspector Davidson resolved the factual dispute of whether Davidson actually questioned appellant about whether he had any goods to declare. Nothing in the record, save for defendant's own testimony, indicates that Davidson failed to question him on that point.

We need to consider whether an importer can be subject to separate counts for making false statements to customs officials for *every* denial that he has anything to

declare. In *United States v. Olsowy*, 836 F.2d 439 (9th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1299, 99 L.Ed.2d 509 (1988), we held that two separate statements made by a claimant to the same Secret Service agent could not be the subject of multiple convictions. *Id.* at 443. The court adopted the earlier reasoning of *Gebhard v. United States,* 422 F.2d 281, 289–90 (9th Cir.1970), which held that the government could not obtain multiple perjury convictions against a defendant who repeated the very same lie to a grand jury in response to the same question. The court in *Olsowy* reasoned that the defendant in their case

> made exactly the same oral denial to the same Secret Service agent twice and then signed a document embodying the same denial. The repetition of Olsowy's initial false statement did not further impair the operations of the government. Once he misled the agent, repeating the lie adds little or nothing to the harm caused to the Secret Service's inquiry. Therefore, we hold that where identical false statements, in either oral or written form, are made in response to identical questions, the declarant may be convicted only once.

*Id.* at 443.

■ The holding in *Olsowy* provides a two-part test for determining whether multiplicitous counts for false statements are permissible. The first is whether a declarant was asked the same question and gave the same answer. The second element is whether later false statements further impaired the operations of the government. In this case, it seems clear that appellant was asked the same question (whether he had goods to declare) by both the primary and secondary inspector. He gave the same denial. Nevertheless, we hold that appellant's denial to the secondary inspector did, indeed, further impair the operations of the government, that is, the orderly, efficient, and accurate processing of the customs duties of the United States.

This "additional impairment" is evidenced by the fact that the appellant made the second false statement, unlike the circumstances in *Olsowy*, to a separate official (the secondary inspector) with different duties. The primary inspector's job is to make a preliminary determination whether an entrant, upon declaring no goods, should be allowed beyond the customs line. The secondary inspector is called upon to act when a vehicle is referred for additional inspection. The secondary inspector's duty is to conduct a more searching examination, including, as in this case, a computer search to determine any prior violations. Both the primary and the secondary customs inspectors, in making their respective determinations and discharging their respective duties, rely on information obtained from the entrant. Where, as here, the entrant makes a false statement to both inspectors, the ability of both officials to carry out their respective functions is impaired. Thus, appellant's second statement to the secondary customs inspector constituted an additional impairment of the latter's governmental functions.

In making an additional denial that he had no goods to declare, the appellant's statements fulfilled the standard of materiality necessary for a conviction under 18 U.S.C. § 1001. *See United States v. Salinas–Ceron,* 731 F.2d 1375, 1377–78 (9th Cir.1984), *vacated on other grounds,* 755 F.2d 726, 728 (9th Cir.1985); *United States v. Cowden,* 677 F.2d 417, 419 (8th Cir.1982) ("The test of materiality involves only the *capability* of the statement to influence the agency's operations."). We hold, therefore, that the appellant was properly indicted and convicted. When an importer makes two separate false statements to two separate officials, each with distinct duties and functions at the frontier, two convictions under 18 U.S.C. § 1001 are proper.

■ Likewise, we reject any contention that the appellant's second denial to Inspector Davidson was not material because it was immediately corrected by a true oral statement. In *Cowden,* the defendant first denied that he had goods to declare. *Id.* at 418. The customs inspector then made an inspection of a briefcase and, without letting the defendant see his movements, discovered a secret compartment in the attache. The inspector then asked again

whether there were any goods to declare. After yet another prompting, the defendant then sought to amend his declaration. *Id.* The eighth circuit held that it was improper for the government to have disallowed the amended declaration, and reversed the conviction for making a false statement. *Id.* at 420.

The facts of our case are readily distinguishable from those in *Cowden.* Appellant only made his declaration once he was confronted with the imminent inspection of his vehicle and the revelation that the inspector knew of his earlier stop for importing steroids into the United States. It cannot be said, therefore, that his false statement to Inspector Davidson "was almost immediately corrected by a true oral statement." *Cowden,* 677 F.2d at 420. We hold that appellant's delayed admission does not reduce the materiality of his earlier false statements.

III. *Rejected Jury Instructions*

■ The appellant finally argues that the district court erred in refusing his proposed jury instructions. We review for an abuse of discretion the district court's formulation of jury instructions. *United States v. Echeverry,* 759 F.2d 1451, 1455 (9th Cir.1985). Proposed jury instructions A, B, and D stated that the appellant had a second opportunity to declare the goods. Our holding concerning the appellant's duty to declare the goods at the first opportunity resolves that challenge. Proposed jury instruction C would have instructed the jury that appellant's disclosure of the steroids could only have resulted in their seizure, and not a conviction under 18 U.S. C. § 545. This was plainly contrary to the language of section 545, which allows both forfeiture and conviction for the crime of smuggling goods into the United States. The district court did not abuse its discretion in refusing appellant's proposed jury instructions.

## CONCLUSION

The judgment of the district court is AFFIRMED.