**UNITED STATES of America,
Appellant,**

v.

**Webster L. HUBBELL, Appellee.**

No. 99–3044.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 21, 1999.

Decided June 1, 1999.

Paul Rosenzweig, Associate Independent Counsel, argued the cause for appellant. With him on the briefs were Kenneth W. Starr, Independent Counsel, Jay Apperson, Deputy Independent Counsel, Joseph M. Ditkoff and Eric S. Dreiband, Associate Independent Counsel.

Peter J. Romatowski argued the cause for appellee. With him on the brief were John W. Nields, Jr. and Laura S. Shores.

Before: SILBERMAN, WILLIAMS, and TATEL, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

The Office of Independent Counsel appeals from the district court's dismissal, for vagueness, of one count of a multi-count indictment returned against Webster L. Hubbell. We reverse.

## I.

The 15–count indictment alleges that Hubbell, acting as an attorney for the Rose Law firm, assisted Madison Guaranty Savings & Loan Association in a series of real estate transactions, including the purchase of land, through Madison Guaranty's subsidiary, Madison Financial, and nominee purchaser Seth Ward, Hubbell's father-in-law. Allegedly seeking to conceal the improprieties in these transactions from the Federal Home Loan Bank Board, Hubbell assisted Madison Guaranty in creating a fictitious paper record to deceive the bank regulators about the nature of Madison's payments to Seth Ward, and then concealed his representation of Seth Ward from the Federal Deposit Insurance Corporation (FDIC). The indictment further alleges that Hubbell lied to federal investigators about these events.

Count 1 of the indictment,[1] which incorporates by reference the allegations above as set forth in the first 85 paragraphs of the indictment, charges a violation of 18 U.S.C. § 1001 (1994). At the time of Hubbell's conduct alleged here, § 1001 provided:

> [W]hoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.

*Id.* Specifically, Count 1 alleges that Hubbell "did knowingly and willfully falsify, conceal, and cover up by scheme material facts about and related to the true nature" of his relationships with Seth Ward, Madison Guaranty, and Madison Financial, and that he made "materially false and fraudulent statements and representations to the FDIC and the RTC" about these relationships. Hubbell moved to dismiss this count for vagueness and to require election among multiplicitous counts. He argued that, given the lack of specificity in identifying the particular facts concealed, the indictment failed to "fairly infor[m] [him] of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); FED. R.CRIM. P. 7(c)(1).

The district court granted the motion to dismiss Count 1 for vagueness (and as such did not reach the multiplicity issue).

---

1. The remaining counts are as follows: Count 2 charges a violation of 18 U.S.C. § 1032(2) (corruptly impeding the functions of the FDIC and Resolution Trust Corporation (RTC)); Count 3 charges a violation of 18 U.S.C. § 1006 (fraud on the FDIC and RTC); Counts 4 through 7 charge violations of 18 U.S.C. § 1007 (false statements to the FDIC); Counts 8 and 9 charge violations of 18 U.S.C. § 1001 (false statements to the RTC); Count 10 charges a violation of 18 U.S.C. § 1621 (perjury); and Counts 11 through 15 charge violations of 18 U.S.C. §§ 1341, 1346 (mail fraud).

The district court's reasoning, however, focused not on the specificity of the allegations, but on whether § 1001 permits the charging of a scheme crime. The district court first noted that, in *Bramblett v. United States,* 231 F.2d 489 (D.C.Cir.1956), the "suggestion that § 1001 punishes a 'pattern of conduct' is dictum." *United States v. Hubbell,* 44 F.Supp.2d 1, 3–4 (D.D.C.1999); *see Bramblett,* 231 F.2d at 491. Viewing the indictment as charging just such a scheme or pattern of conduct, the district court concluded that the allegations in the indictment went to the "scheme" itself and were therefore insufficiently specific as to the precise acts of concealment or falsification at issue. Although the court acknowledged that the 85 paragraphs incorporated by reference in Count 1 allege "many false statements and acts of concealment," it described the charging language of Count 1 itself as "nonspecific." *Hubbell,* 44 F.Supp.2d at 3–4. The government appealed.

## II.

■ The government contends that the district court erred by confusing two distinct questions—whether Count 1 properly charges an offense under the "conceal[s] ... by scheme" clause of § 1001, and whether Count 1 is too vague to inform the defendant of the charge against him. As to the first question, the government asserts that governing precedent, as well as principles of statutory construction, tell us that § 1001 allows prosecution of "scheme crimes." Hubbell responds that § 1001 does not define a separate offense of committing a scheme; it merely limits the type of concealments that violate the statute. Hubbell's argument, however, cannot be squared with our prior decision in *Bramblett,* which expressly held that the plain language of § 1001 permits the charging of scheme crimes. In that case, the defendant, a member of Congress, filed a false designation with the

Disbursing Office of the House of Representatives claiming that he had hired a clerk; he then proceeded to collect the phantom-clerk's monthly paychecks. The defendant argued that the prosecution under § 1001 was time-barred because the crime was complete when the designation was filed, more than three years before the indictment was returned. We rejected that argument, however, explaining that "the indictment [did] not merely charge the making of a false statement," but instead alleged a falsification by scheme. By "falsifying a material fact, and in leaving it on file, thereby continuing the falsification in order repeatedly to partake of the fruits of the scheme," the defendant committed a continuing crime of falsification by scheme that "fairly falls within the terms of section 1001." *Bramblett,* 231 F.2d at 491. To the extent that the district court concluded that Count 1 did not properly charge an offense under § 1001, it was in error.

■ Turning to the asserted vagueness, we do not see how Count 1, having incorporated by reference the 85–paragraph introductory section detailing the allegations, can be thought insufficient to "fairly inform[ ] [the] defendant of the charge against which he must defend." *Hamling,* 418 U.S. at 117, 94 S.Ct. 2887. As the government points out, the indictment sets forth the acts of falsification and concealment; the nature of the scheme by which these material facts were falsified and concealed; and the material facts that Hubbell concealed from the FDIC and RTC. The district court seems to have ignored the incorporation by reference of this material (which it conceded "allege[s] many false statements and acts of concealment," *Hubbell,* 44 F.Supp.2d at 3). That the "charging language" itself did not allege specific acts of concealment is of no moment—the purpose of incorporation is to supply those specifics. Hubbell's additional (and somewhat inconsistent) argument that the indictment fails to give sufficient notice because it provides too *much* detail

is, to be charitable, unconvincing. It cannot be the case that the more elaborate the scheme or the more numerous the acts of concealment, the less able the government is to charge a crime under § 1001.

■ Hubbell's argument that Count 1 of the indictment includes too many allegations of falsifications and concealments can be alternatively viewed as a claim that the indictment is duplicitous—an argument raised in passing below and renewed here as part of Hubbell's vagueness claim. Duplicity is the joining in a single count of two or more distinct and separate offenses. *See United States v. Mangieri,* 694 F.2d 1270, 1281 (D.C.Cir.1982); CHARLES ALAN WRIGHT, 1A FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 142, at 7 (3d ed.1999). Hubbell contends that by charging numerous false statements and acts of concealment in Count 1, the indictment impermissibly charges multiple offenses in one count. But this construction of the indictment makes sense only if § 1001 does not state an offense for a scheme crime—which it clearly does. *See Bramblett,* 231 F.2d at 491 (multiple acts of concealment as part of one continuing scheme constitutes one offense); *see also United States v. Shorter,* 809 F.2d 54, 56 (D.C.Cir.1987) (when two or more acts would constitute an offense standing alone, those acts may instead be charged in a single count if those acts could be characterized as part of a single, continuing scheme), *abrogated on other grounds by Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). *Cf. Mangieri,* 694 F.2d at 1282 (indictment not duplicitous where each count included several misrepresentations as part of one fraudulent loan application transaction).

■ The district court, having dismissed Count 1, did not reach Hubbell's argument that the indictment is multiplicitous, *i.e.,* that individual false statements were charged separately as false statements in Counts 4 through 9 and again in Count 1 as part of a falsification or concealment by

scheme. We agree with the government that multiplicity claims are better sorted out post-trial. The factual issues as to what statements were made and what acts of concealment were committed, as well as whether the later acts or statements further impaired the operations of government, *see, e.g., United States v. Cisneros,* 26 F.Supp.2d 24, 44 (D.D.C.1998) (*citing United States v. Salas–Camacho,* 859 F.2d 788, 791 (9th Cir.1988)), need development at trial, and attempting to decide such issues pre-trial would be premature.

\* \* \* \*

For the foregoing reasons, we reverse the district court's dismissal of Count 1 of the indictment.

*So ordered.*