UNITED STATES of America,
Plaintiff–Appellee,

v.

Xian Hua CHEN, Defendant–Appellant.

No. 02–10327.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Filed April 7, 2003.

William C. Bischoff, Hagatna, Guam, for the defendant-appellant.

Karon V. Johnson, Assistant U.S. Attorney, Hagatna, Guam, for the plaintiff-appellee.

Before: SCHROEDER, Chief Judge, GOODWIN, and TASHIMA, Circuit Judges.

SCHROEDER, Chief Judge.

Xian Hua Chen appeals his jury conviction for perjury and making a false statement in violation of 18 U.S.C. §§ 1621 and 1001. The only issue is the materiality of the concededly false statements.

■ In an application for asylum dated November 27, 2000, Chen stated that he had entered the United States on September 28, 2000, when he arrived in Guam as a crewman on a fishing boat. Under questioning by an INS special agent, Chen later identified the boat as the He Shing Ying # 2. The government proved at trial that he could not have arrived in the United States on that boat, because no such boat had ever arrived in Guam. In addition, the government proved that he could not have made his entry on September 28, 2000, because the government had in its possession a receipt of payment to an immigration lawyer in Guam dated September 26, 2000, thereby establishing that Chen had been in the United States before the claimed date of entry.

Chen moved for acquittal pursuant to Fed.R.Crim.P. 29 at the close of the government's case on the grounds that the government failed to establish the materiality of any false statement. The motion was denied, Chen was convicted, and this appeal followed.

Both parties agree that to qualify for asylum, the application must be filed within a year of entry into the United States. 8 U.S.C. § 1158(a)(1); 1158(a)(2)(B). Chen argues that there is no evidence as to the exact date he arrived, and therefore the government failed to show that the stated date of entry actually misled the government.

The applicable standard is set forth in the Supreme Court's decision in *Kungys v.* *United States*, 485 U.S. 759, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988), where the Court said that a statement is material if it has the "natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body." *Id.* at 770, 108 S.Ct. 1537 (citations and internal quotation marks omitted). The government need not show it was actually misled. *See United States v. Service Deli, Inc.,* 151 F.3d 938, 941 (9th Cir.1998). Clearly, Chen's statement that he entered the country two months prior to filing the application had a natural tendency to produce the conclusion that, because the applicant had entered within a year, he was qualified to seek asylum.

■ The false statements as to the means of entry were also material. "Materiality under 18 U.S.C. § 1001 is tested by whether the false statements could have affected or influenced the exercise of a governmental function." *United States v. Salinas–Ceron,* 731 F.2d 1375, 1377 (9th Cir.1984) (citations and internal quotation marks omitted), *vacated on other grounds,* 755 F.2d 726 (9th Cir.1985). Chen's false statements were made to an INS special agent investigating the smuggling and harboring of illegal aliens. The statements clearly "could have affected" the investigation and are therefore material.

■ Chen argues that it was the government's burden to establish that he entered the United States more than a year before the date of the application, and thus to show that the government would have denied the application if it had known the actual date. This argument invokes the very "but for" analysis that the Supreme Court rejected in *Kungys.* "It has never been the test of materiality that the misrepresentation or concealment would *more likely than not* have produced an erroneous decision, or even that it would *more likely than not* have triggered an investi-

gation." 485 U.S. at 771, 108 S.Ct. 1537 (emphasis in original). Rather, the test remains whether the statement had a "natural tendency" to affect an official decision. *Id.*

AFFIRMED.