**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Connie Larrett JOHNSON, aka Calvin
Johnson, Defendant—Appellant.**

**No. 04–50152.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2005.

Decided Dec. 30, 2005.

Rawlinson, Circuit Judge, filed opinion, concurring in part, and dissenting in part.

---

**3.** Atlantic styled its motion as a request to supplement the record, but we construe it as a motion for judicial notice.

Becky S. Walker, Esq., J. Mark Childs, Esq., USLA—Office of The U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee.

David W. Wiechert, Esq., San Clemente, CA, for Defendant-Appellant.

Before: REINHARDT and RAWLINSON, Circuit Judges, and FOGEL,* District Judge.

## MEMORANDUM **

Connie Larrett Johnson was convicted by a jury of threatening to retaliate against his Pretrial Services Officer, resisting arrest, and making a false statement to his Pretrial Services Officer. He now appeals his convictions for threatening to retaliate and for making a false statement. We reverse as to the retaliation count, 18 U.S.C. § 1513(b)(2) (Count Three), on the basis of insufficiency of the evidence, but affirm as to the false statement count, 18 U.S.C. § 1001 (Count Five). Johnson does not contest the resisting arrest conviction

(Count Four). As to Counts Four and Five, we grant a limited remand of the sentence pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

As to Count Three, § 1513(b)(2) punishes anyone who "knowingly engages in any conduct and thereby causes bodily injury to another person ... or threatens to do so, with intent to retaliate against any person for ... any information relating to the ... violation of conditions of ... release pending judicial proceedings given by a person to a law enforcement officer." 18 U.S.C. § 1513(b). Under the statute, the retaliation must have been motivated by a belief that the person provided such information to a *law enforcement officer*. The government must prove this element of the offense, like all others, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (holding that "no person shall suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense").

When she told Johnson that she would note in his file that he had failed to report, Pretrial Services Officer Burke also informed him that she "would need to approach the [c]ourt with a violation." Shortly thereafter, Burke requested that the court issue a bench warrant for Johnson's arrest, based on his failure to comply with his reporting requirements. The parties have agreed that a judge is not a law enforcement officer for purposes of 18 U.S.C. § 1513(b)(2). Therefore, to convict Johnson, the government was required to prove beyond a reasonable doubt that

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Johnson threatened to retaliate against Burke for reporting his violation not to a judge but to a "law enforcement officer." There is no evidence in the record that Johnson had reason to believe that Burke would relay the information to any person other than the judge. Thus, the most reasonable inference to be drawn from the evidence was that Johnson was threatening to retaliate against Burke based on her statement that she would report his violation to the court, followed by the arrival at his home of the arresting officers with a court-issued warrant.

■ Even assuming that a rational jury could infer that Johnson was threatening to retaliate against Burke for providing information about his violation to a "law enforcement officer," when a rational juror may draw inferences from the facts presented that are consistent with both innocence and guilt, the burden is on the government to "produce evidence that would allow a rational jury to conclude beyond a reasonable doubt that the latter explanation is the correct one." *United States v. Vasquez–Chan,* 978 F.2d 546, 549 (9th Cir. 1992); *see also United States v. Bautista–Avila,* 6 F.3d 1360, 1362–63 (9th Cir.1993) (reversing convictions for insufficient evidence when the government "failed to present evidence that would allow a rational trier of fact to conclude beyond a reasonable doubt that the government's explanation of [the defendants'] actions, rather than their innocent explanation ... [wa]s the correct one" (footnote omitted)). Here, as in *Bautista,* the government has failed to produce such evidence; the record would not allow a rational juror to conclude *beyond a reasonable doubt* that Johnson was threatening to retaliate against Burke for telling a law enforcement officer, and not the court, about his violation. Because the government failed to carry its burden, we conclude that there

is insufficient evidence on the record to support Johnson's conviction under § 1513(b)(2). Accordingly, we reverse as to Count Three.

The district court's failure to instruct the jury that a judge is not a law enforcement officer may have been prejudicial, but we need not address that issue, given our reversal of the conviction on Count Three on the basis of insufficiency of the evidence. Moreover, Johnson waived his right to challenge the jury instruction defining "law enforcement officer" by accepting the revised jury instruction that was proposed by the government and eventually given to the jury. *See United States v. Perez,* 116 F.3d 840, 845 (9th Cir.1997).

■ Johnson also challenges his conviction on Count Five, which charged him with violating 18 U.S.C. § 1001. After falsely stating to Burke that his leg was broken, Johnson later retracted his statement, admitting that his leg was not in fact broken. However, the retraction was made only after Johnson was reminded of his obligation to abide by his release conditions and that failure to do so would result in revocation. In *United States v. Salas–Camacho,* 859 F.2d 788 (9th Cir.1988), this court held that a false statement remains material when a declarant recants it only after he is confronted with suspicion on the part of a government agent and is faced with an imminent inspection that would reveal the truth. *Id.* at 791–92. Bound by that precedent, we affirm Johnson's conviction on Count Five. For similar reasons, we hold that the jury instructions regarding Count Five adequately reflected the law as set forth in *Salas–Camacho* and, therefore, were not erroneous.

■ The prosecutor's statements in closing argument regarding the officers' lack of motivation to lie constituted improper vouching. *See United States v. Combs,* 379 F.3d 564, 574–76 (9th Cir.2004)

(holding that a prosecutor's argument about the Special Agent's "disincentive to lie" was impermissible vouching). However, we conclude that in this case such vouching did not constitute reversible error. *See id.* at 575–76.

As to Counts Four and Five, we grant a limited remand pursuant to *United States v. Ameline*, to allow the district court to determine "whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Ameline*, 409 F.3d at 1074; *see also United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005).

The conviction is AFFIRMED in part and REVERSED in part; the sentence is REMANDED.

RAWLINSON, Circuit Judge, concurring in part and dissenting in part.

I respectfully dissent from those portions of the disposition holding that there is insufficient evidence to support the conviction on Count Three and that the prosecutor engaged in improper vouching.

In determining whether there is sufficient evidence to support a conviction, we view the evidence in the light most favorable to the prosecution's case. *United States v. Bailon–Santana*, 429 F.3d 1258, 1262 (9th Cir.2005). The conviction must be sustained if any reasonable juror could have found the defendant guilty beyond a reasonable doubt. *Id.* As the majority opinion outlined, the pertinent statute punishes one who threatens to retaliate against any person for information "given by *a* person to a law enforcement officer." 18 U.S.C. § 1513(b)(2) (emphasis added). Whether the probation officer gave information directly to the law enforcement officers who arrested the defendant, or gave the information to her supervisor, a law enforcement officer, who relayed it to a judge who relayed it to law enforcement, the fact remains that the defendant threatened to retaliate against the victim for information given by *a* person to a law enforcement officer. Evidence satisfying this element of the statute was presented. Because information was given by *a* person to law enforcement, regardless of the identity of that person, I disagree with the majority that a reasonable inference in this case is consistent with the defendant's innocence.

Similarly, I am not persuaded that *United States v. Combs*, 379 F.3d 564 (9th Cir.2004), controls our analysis of the vouching issue. In *Combs*, the prosecutor argued that "in order to acquit [the defendant], the jury had to believe that [the DEA] agent risked losing his job by lying on the stand." *Id.* at 574. Nothing of the sort occurred in this case. Rather, the prosecutor rhetorically asked the jury generally what motivation the government witnesses had to lie. There was no implication, as in *Combs*, that the prosecutor knew the agent "would be fired for committing perjury and that she believed no reasonable agent in [her] shoes would take such a risk." *See id.* at 575. In the absence of such an implication, no improper vouching occurred. *Cf. United States v. Nash*, 115 F.3d 1431, 1439 (9th Cir.1997) *and United States v. Wellington*, 754 F.2d 1457, 1468 (9th Cir.1985), *with United States v. Weatherspoon*, 410 F.3d 1142, 1146 (9th Cir.2005).