**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50188 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00029-RGK-1 |
| v. | |
| GRACE SHIN WON KIM CANADA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 30, 2021
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and MÁRQUEZ,[**] District Judge.

Grace Canada appeals from her convictions for wire fraud, in violation of 18 U.S.C. § 1343, and making false statements to federal agents, in violation of 18 U.S.C. § 1001(a)(2).  She argues that (1) insufficient evidence supported her

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

convictions, (2) the jury instructions regarding wire fraud were plainly erroneous, and (3) the district court erred in denying her post-trial motion to dismiss the indictment based on prosecutorial misconduct. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## 1. Sufficiency of the Evidence

We review a sufficiency of the evidence challenge de novo and must, after considering "the evidence in the light most favorable to the prosecution, . . . determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Kimbrew*, 944 F.3d 810, 813 (9th Cir. 2019) (citation omitted).

To support a wire fraud conviction, the government must show "(1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud." *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013). Viewing the evidence in favor of the prosecution, a rational jury could have found the above elements met beyond a reasonable doubt. The evidence indicated Canada knew out-of-state expansion had to be funded independently by Celerity Global, and that Celerity Education Group's ("CEG") purpose was "inside California." Canada also helped prepare and submit CEG's affirmations that it would comply with all rules regarding the use of public funds,

including using such funds only to benefit Celerity schools and students in California. Moreover, Canada authorized the $155,000 wire transfer to renovate the Ohio property, was copied on emails authorizing wire transfers to purchase the property, handled loan paperwork related to the purchase, and circulated board meeting notes about the transaction. Testimony at trial also indicated a "substantial part" of the money for renovations came from public funds. Though Canada contends she was just the "educational guru" who acted at her superior's direction, we conclude that there was sufficient evidence for a rational jury to find that Canada had the requisite intent to defraud and that authorizing the $155,000 wire transfer was part of the scheme.

To support a false statements conviction, the government had to show that (1) Canada made a false statement, (2) the statement was made in a matter within the jurisdiction of the relevant government agency, (3) the defendant acted willfully, and (4) the statement was material. Ninth Circuit Model Crim. Jury Instruction 8.73. On appeal, Canada argues that the evidence was insufficient as to the first and last two elements because her statements were "literally true" and not material. We disagree. Viewing the evidence in favor of the prosecution, a rational jury could have found the above elements met beyond a reasonable doubt.

Canada was convicted based on two statements: (1) when asked whether she had "an understanding that at some point an offer was made to purchase [the Ohio

property]," she said "no," and that she knew they were looking for a facility but was not involved in negotiations, and (2) when asked whether certain documents refreshed her memory about purchasing the Ohio property, she said "no," and that she "knew nothing about the transaction."

Given the evidence that Canada visited the Ohio property, signed a check request for its inspection, circulated board meeting notes about the deal, and was copied on emails directing payment of a $250,000 deposit and nearly $1.5 million closing balance, a rational jury could have inferred that she was lying when she answered (1) "No," she did not have an understanding that at some point an offer was made to purchase the Ohio property, and (2) "No, [she] knew nothing about the transaction." Contrary to Canada's contention, her statements during her proffer session were not "literally true," and they were material because they "could have affected the investigation." *United States v. Chen*, 324 F.3d 1103, 1104 (9th Cir. 2003) (internal quotation marks omitted). We are also unpersuaded by Canada's argument that the government's first question was impermissibly vague.

Thus, sufficient evidence supports Canada's convictions for wire fraud and making false statements to federal agents.

2. **Jury Instructions**

Canada also challenges the district court's jury instructions on wire fraud,

4

which defined "intent to defraud" as the "intent to deceive or cheat." In *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020), we held that the intent to defraud element in wire fraud is conjunctive, requiring an "intent to deceive *and* cheat . . . the victim of money or property by means of deception," *id.* at 1103. Because Canada did not object to the jury instructions at trial, we review them for plain error. *United States v. Singh*, 979 F.3d 697, 707 (9th Cir. 2020).

Canada fails to show plain error because she cannot demonstrate the erroneous instructions "affected [her] substantial rights" or "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 728. Because the scheme here centered on deceiving government agencies to misappropriate public funds, it necessarily involved both an intent to deceive and an intent to cheat, and Canada offers no theory on which the jury could have found her intent to do the former but not the latter. Indeed, Canada argued at trial that she possessed *neither* the intent to deceive nor to cheat. Moreover, the evidence supports Canada's dual intent to deceive and cheat: She signed affirmations that CEG's funds would only be used for California schools and students, but nevertheless authorized the use of $155,000 in public funds to renovate the Ohio property.

Thus, the jury instructions do not constitute reversible error. *See Miller*, 953 F.3d at 1103 (noting that the erroneous instructions were harmless because "the

5

jury would have convicted" the defendant regardless).

### 3. Motion to Dismiss the Indictment

Finally, Canada challenges the district court's denial of her motion to dismiss the indictment due to prosecutorial misconduct. We review a district court's rulings on alleged prosecutorial misconduct for an abuse of discretion, and allegations of due process violations de novo. *United States v. Liu*, 538 F.3d 1078, 1087 (9th Cir. 2008).

A district court may dismiss an indictment for prosecutorial misconduct if it "finds a serious due-process violation" or if it determines "dismissal is warranted under its supervisory powers." *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020). Dismissal for a due process violation requires "grossly shocking and outrageous" conduct, usually "extreme physical or mental brutality or where the crime is 'manufactured by the government from whole cloth.'" *Id.* (citations omitted). Dismissal under a court's supervisory powers requires "(1) flagrant misbehavior and (2) substantial prejudice." *Id.* at 1031 (citation omitted).

Canada contends that dismissal is warranted under both theories because the prosecutor failed to disclose all the summary charts she intended to introduce, and "deceptively watermark[ed]" certain charts with "DRAFT" to circumvent a prior district court order. We disagree. First, there is no evidence the prosecutor's conduct rises to the "grossly shocking and outrageous" standard required for a due

6

process violation. *Id.* at 1030. Second, Canada does not explain how she was prejudiced by the charts. Indeed, the charts merely summarized documents already produced to the defense, and Canada does not object to the charts' underlying substance, accuracy, or admissibility.

Thus, the district court did not err in denying Canada's motion to dismiss the indictment.

**AFFIRMED.**